PERRY LEE LYNCH *v.* STATE OF INDIANA.

[No. 473S69.  Filed September 11, 1974.]

*Arnold Paul Baratz,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *John Meyers,* Deputy Attorney General, for appellee.

DeBruler, J.—The Marion County Grand Jury indicted appellant, Perry Lee Lynch, for the crimes of Rape (IC 1971, 35-13-5-3, being Burns § 10-4201), and Kidnapping (IC 1971, 35-1-55-1, being Burns § 10-2901), perpetrated upon one Holly. Lynch was convicted on both charges after a trial by jury in the Marion Criminal Court, Special Judge David McNamar presiding, and sentenced to concurrent terms of two to twenty-one years and life imprisonment respectively. He has now perfected an appeal to this Court in which he alleges two grounds for the reversal of this judgment: (1) That the conviction on the charge of rape is not supported by sufficient evidence; (2) that the trial court erred in not declaring a mistrial because of two instances of alleged prosecutorial misconduct during the trial.

The evidence elicited at the trial below shows that on the evening of August 20, 1971, Holly, and two friends, Donna and Vicky, visited the Indiana State Fair in Indianapolis. Sometime after 10:00 p.m., they left the fair and returned

to Holly's car in order to return home. As they approached the car Holly noticed that one door was partially open and the convertible roof had been slit. The three women decided to leave the area as rapidly as possible, but before they were able to do so two men appeared with guns. One of the men, identified at trial by both Holly and Donna as the appellant Lynch, pointed a pistol at Donna and ordered all three women into the back seat of the car. The appellant then got in the front passenger seat while his companion occupied the driver's seat. They drove for about ten minutes to the Washington Park Zoo in Indianapolis. During the drive the appellant faced the three women in the back seat and held a gun pointed at them. He spoke several times telling them not to try to escape or attract the attention of other motorists.

Upon arriving at Washington Park Zoo the appellant forced Donna to disrobe, threatened to kill her if she resisted and had intercourse with her in the back seat of the car. The other two girls were kept under surveillance outside the car by appellant's companion. After several minutes the appellant came over to where his companion and the girls were and told the other man that they would have to leave the area because he could see car lights across the park. The men then forced the two girls to get back in the car. They drove for another three or four blocks and parked in an alley behind some buildings. Holly and Vicky were again ordered out and this time the appellant stood guard over them while his companion raped Donna.

Appellant next told Holly to get in the back seat. He threatened to shoot her if she did not cooperate and he forced her to take her clothes off. Holly testified at the trial that the appellant then raped her while holding a gun in his right hand pointed at her head. The appellant then traded places with his companion who also raped Holly.

All the women were then ordered back in the car and the appellant and his companion drove around some more. After a while they stopped the car, got out and told the women to

drive away without looking back. Holly drove a short distance and then flagged down an Indianapolis City Police car. The officer placed a brief description of the assailants on the radio and escorted the women to the Marion County General Hospital where they were examined, treated and released the following day.

Before specifically addressing appellant's claim of insufficiency of the evidence we feel constrained to again reiterate that when called upon to decide this issue it is not our proper function as an appellate court to weigh the evidence at the trial below to decide questions concerning the credibility of witnesses. *Priola* v. *State* (1973), 260 Ind. 117, 292 N.E.2d 604. Rather we look to that evidence most supportive of the verdict and determine whether that evidence, along with the reasonable inferences which a jury might draw from it, is sufficient in probative value to establish all the necessary elements of the offense charged. *Turner* v. *State* (1972), 259 Ind. 344, 287 N.E.2d 339.

In this case the appellant asserts that the evidence outlined above is not sufficient to establish that he committed the crime of rape upon Holly. The statute with which we are concerned here provides in part:

> "Whoever has carnal knowledge of a woman forcibly against her will . . . is guilty of rape and on conviction shall be imprisoned not less than two nor more than twenty-one years." Burns § 10-4201, *supra*.

Holly testified that on the night of the incident the appellant Lynch had a gun and that he threatened to shoot her if she failed to cooperate. She further testified that the appellant, "forced his penis into my vagina" while holding the gun in his hand and that she was afraid that he would kill her if she physically resisted. Such testimony clearly establishes carnal knowledge of this victim by force and against her will.

Appellant contends, however, that the particular facts of this case should compel us to hold Holly's testimony on the matter of penetration as insufficient. Appellant's contention

is based on a medical report of an examination performed on Holly the morning after the incident. The report indicated that a pelvic examination did not reveal the presence of spermatozoa or lacerations of tissue. Appellant asserts that in the face of this medical evidence Holly's testimony on the element of penetration is not, standing alone, sufficient. We do not agree.

It has long been the law in Indiana that the uncorroborated testimony of the victim of a rape is sufficient evidence to support the conviction of an appellant. *Williams* v. *State* (1973), 260 Ind. 543, 297 N.E.2d 805; *Taylor* v. *State* (1972), 257 Ind. 664, 278 N.E.2d 273; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N.E.2d 407.

> "It is the law of this State that a conviction for rape may be had solely upon the testimony of the prosecuting witness and victim." *Smith* v. *State* (1971), 255 Ind. 687, 266 N.E.2d 216.

The victim in this case testified directly and explicitly concerning penetration by the appellant making the evidence on this question sufficient as a matter of law. In view of the victim's testimony, the medical report, to the extent that it is relevant on the question of penetration, is merely evidence of corroborative value to be weighed and considered by the jury. Moreover, we should emphasize that penetration, not ejaculation, is the essential element of the crime of rape. The presence or absence of spermatozoa in the victim's vaginal area is, of course, not determinative of penetration. We hold therefore that the evidence adduced at the trial was sufficient as a matter of law to sustain appellant's conviction of rape.

Appellant's second assertion of error concerns two instances of alleged prosecutorial misconduct occurring during the trial. The first allegation involves the prosecuting attorney's repeated objections to portions of the testimony of appellant and two other defense witnesses. During appellant's testi-

mony he stated that on the night of the attack on the three women he was at a neighbor's house playing with some horses in the backyard. The prosecuting attorney objected to the admissibility of such evidence on the ground that it constituted alibi evidence but the alibi statute's notice requirement had not been complied with by the appellant. The trial court overruled the prosecutor's objections.

The next defense witness was the neighbor in whose yard appellant had allegedly remained on the night of the incident. When she began to testify in regard to that particular night the prosecutor again objected to the admissibility of the testimony because of appellant's failure to file an alibi notice. After a hearing outside the presence of the jury that trial court again overruled the prosecutor's objection and allowed the neighbor's testimony to continue. At the end of the neighbor's testimony the prosecutor moved that her evidence be stricken, again for failure to comply with the alibi statute. The trial court took the motion under advisement but subsequently overruled the prosecutor allowing the testimony to remain. On one other occasion during the testimony of another defense witness the prosecuting attorney made another objection on the same ground but it was immediately overruled. Appellant contends that the very number of objections interposed by the prosecutor amounted to misconduct prejudicing the outcome of his trial.

The other alleged instance of prosecutorial misconduct concerned a remark made by the prosecutor as he was interposing an objection, not grounded this time on the alibi statute, to the testimony of another defense witness:

"At this time I'm going to object to any testimony of this witness. He stated on advice of counsel, he does not want to testify. Mr. Mullin (appellant's trial attorney) is blowing smoke again."

The appellant's attorney promptly moved for a mistrial based on the prosecutor's remark. The trial judge denied appellant's motion but immediately admonished the jury to

disregard the statement. Appellant appeals from the denial of his motion.

Because of the wide variety of possible occurrences at a trial which may trigger motions for a mistrial on the part of a defendant our review of a trial court's decision on such matters must of necessity be grounded on the particular facts and situations of each case. *Martin & Thornton* v. *State* (1974), 262 Ind. 232, 314 N.E.2d 60; *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312. Moreover, since the trial judge who initially rules on such a mistrial motion is in a more advantageous position than an appellate court to accurately gauge the surrounding circumstances of the conduct and its probable impact on the jury we afford the trial court significant discretion and deference in its ruling. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E.2d 666. With these general principles in mind we now turn to the facts presented by this appeal.

Appellant's first contention of prosecutorial misconduct concerned the prosecutor's repeated objections to the defense testimony based on the alibi statute. We cannot see how this could be characterized as misconduct. The prosecutor made some five or six objections over the course of the testimony of three witnesses, and although the appellant had neglected to file the requisite alibi notice, the trial court regularly and consistently overruled the prosecutor's position and allowed the testimony. Under these facts we cannot say that the conduct of the prosecutor improperly prejudiced any legitimate interests of the appellant.

Neither do we believe that the prosecutor's remark concerning the appellant's trial attorney "blowing smoke" should have resulted in a mistrial. It is beyond question that the remark of the prosecutor was improper and irrelevant, but not every such lapse necessitates a mistrial. The record here reveals that the trial judge sustained appellant's objection to it and instructed the jury to disregard the remark. Considering the general and conclusory nature

of the remark, its obvious non-evidentiary value and the immediate corrective action on the part of the trial judge we find his ruling denying the mistrial proper. *Hubbard v. State* (1974), 262 Ind. 176, 313 N.E.2d 346. As we said recently in the context of another contention of prosecutorial misconduct at trial:

> "When irregularities such as this are the ground of the appeal there should be a strong presumption that the jury was able to follow the admonitions of the trial court to disregard any hastily given evidence. In cases concerning an irregularity bearing on a constitutionally secured right or concerning an evidentiary harpoon we do undertake to assess the probable impact of the irregularity on the final verdict of the jury and we do require a high level of assurance that the irregularity did not affect the verdict before we will affirm the judgment. However in cases involving simple irregularities as here we may rely on a lower level of assurance concerning the impact on the jury because the likelihood of their affect on substantial rights is much less. If the appellant cannot demonstrate to us that these irregularities had a discernible and apparent affect on the verdict of the jury we will not undertake to scrutinize the evidence at trial in the relationship to the verdict of the jury and subject it to a test of fairness." *Hightower v. State* (1973), 260 Ind. 481, 296 N.E.2d 654, 659.

We see nothing so prejudicial in the circumstances resulting in appellant's motion for a mistrial as to compel the trial court to have granted it, and the judgment of that court is therefore affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 316 N.E.2d 372.