## WILLIE SMITH *v*. STATE OF INDIANA.

[No. 874S156. Filed November 3, 1975.]

*Patrick Brennan and Associates,* Professional Corporation, by: *Michael P. Scopelitis,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, C.J.—A jury found the defendant guilty of armed robbery. He was sentenced to twelve years' imprisonment.

The record discloses the following facts: At about 7:50 p.m. on April 13, 1973, the Appellant and another man entered the A & P store at 1901 Western Avenue, in South Bend, Indiana. These men approached William Lowe, assistant manager of the store. After a brief conversation concerning a possible purchase, the men produced a gun and took the billfolds of Lowe and a store employee named Tom Nawrocki. Lowe and Nawrocki were then marched to the front of the store in the presence of other customers, where Lowe was ordered to remove money from two cash registers. After receiving the money from the registers, the robbers fled.

During police investigation, one of the customers, Mrs. Joanne Grywczynski, said she recognized one of the robbers as Willie Smith, a former classmate at South Bend Central High School with whom she had had one date. Police officer Kyle and police officer McCullom, who was also an acquaintance

of Mrs. Grywczynski and Willie Smith, took Lowe and Nawrocki to the Sample Street Police Station. As they entered the police station, Lowe saw Willie Smith and recognized him as the man who had just robbed him. McCullom also saw Willie Smith. Smith was not present in the station at the request of the police. The officers in charge then took steps to delay Smith's departure from the police station until the two A & P employees could view him. Both Lowe and Nawrocki were then taken to the Records Room where Appellant had been delayed. Lowe again identified Smith as the robber with the gun. However, as Nawrocki approached, the Appellant turned his head and placed his arm beside his head. Nawrocki was unable to identify him in this position.

At the trial Lowe, Nawrocki and Mrs. Grywczynski identified the Appellant as the robber.

The Appellant presents the following issues for review: (1) the testimony of Nawrocki regarding his attempted view of the defendant at the police station; (2) Nawrocki's trial identification of defendant as one of the robbers; and (3) Lowe's trial identification of defendant as one of the robbers.

An extensive pre-trial hearing was conducted on Appellant's Motion to Suppress. At the conclusion of this hearing, the trial judge ruled that the identification of the defendant at the South Bend police station by the witnesses Lowe and Nawrocki was unconstitutionally suggestive, and therefore ordered such evidenced suppressed. As to the testimony of Nawrocki regarding his attempted viewing of the Appellant at the police station, the trial court ruled that it was not unnecessarily suggestive, and refused to suppress the evidence on the ground that Nawrocki testified he did not get that good of a look at the defendant. The testimony was allowed in evidence for the purpose of showing that Nawrocki in no way identified the Appellant or observed him knowing him to be such in the police station; therefore, his in court identification could not have been tainted by the occurrences at the police station. Nawrocki's testimony as to that occurrence in

no way identified the Appellant. He merely stated that he saw a man in the police station who conducted himself in such a manner as Nawrocki was unable to see him. A "confrontation" as defined in *Stovall* v. *Denno,* (1967) 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967, is an occasion when a witness looks at a suspect or listens to a voice for the purpose of attempting to make an identification. If, as in the Nawrocki incident, the witness simply does not see the suspect, then no "confrontation" occurs. So far as the in court identification by both Nawrocki and Lowe is concerned, they had ample opportunity to observe the Appellant at the place of business where the robbery occurred. There is nothing in this record to indicate that either man was at all influenced in his in court identification by anything that had occurred at the police station. The identification by each witness appears to have been made solely upon that witness' observation of the Appellant during the robbery. It was, therefore, not error for the trial court to allow the in court identification. *Jones* v. *State,* (1975) 263 Ind. 555, 334 N.E.2d 689, 49 Ind. Dec. 98.

The trial court is, therefore, affirmed.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 336 N.E.2d 648.