EDWARD NORRIS *v.* STATE OF INDIANA.

[No. 776S200. Filed November 1, 1976.]

*Kenneth T. Roberts, Wilson, Coleman & Roberts,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

DeBRULER, J.—Appellant, Edward Norris, was convicted of armed robbery, Ind. Code § 35-12-1-1 (Burns 1975), by the Marion County Criminal Court, after the Marion County Juvenile Court waived its jurisdiction over him. Appellant received a determinate sentence of fifteen years.

Appellant filed a motion to correct errors seeking a new trial on the basis of newly discovered evidence.[1] The motion recited that the victim, Mrs. Louise Simpson, identified appellant at the juvenile court waiver hearing, and that appellant had newly discovered evidence showing that "her identification in Juvenile Court was suggestive." Two exhibits were attached to the motion: a transcript of the waiver hearing, and a copy of a newspaper article which appellant's brief identifies as having appeared in the Indianapolis Star at sometime between appellant's arrest and the waiver hearing.

The motion to correct errors seems to allege that the transcript of the waiver hearing is "newly discovered evidence" showing that Mrs. Simpson saw a photograph of appellant in the newspaper exhibit "and therefore there was no independent basis for the identification."

We understand appellant's motion to correct errors to argue as follows:

(1) Victim Louise Simpson saw a picture of appellant in the newspaper before identifying him at the waiver hearing.

(2) Her seeing this picture constituted an impermissibly suggestive identification proceeding, which tainted her subsequent in-court identifications of appellant at the waiver hearing and at trial.

---

1. Appellant also urged insufficiency of the evidence to support his conviction: he has expressly waived this issue on appeal.

(3) The fact that Mrs. Simpson saw the newspaper picture is proven by the transcript of the waiver hearing, which did not become known to appellant's counsel until after appellant's conviction.

On appeal, appellant argues the above and alleges that the in-court identification at the waiver hearing was duly suggestive and that it tainted the identification at trial.

## I.

Appellant seems to misapprehend the nature of the rules concerning suggestion identification, in arguing that Mrs. Simpson's identification of appellant at the waiver hearing was "suggestive" because Mrs. Simpson's alleged viewing of appellant's newspaper photograph caused the lack of any "independent basis" for her identification testimony at the hearing.

Due process requires suppression of testimony concerning an out-of-court identification when the procedure employed was unnecessarily suggestive. *Stovall* v. *Denno*, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Swope* v. *State*, (1975) 263 Ind. 148, 325 N.E.2d 193. A subsequent in-court identification by the same witness is permitted if under all the circumstances, the in-court identification is reliable; that is, the earlier identification must not have been made under circumstances so suggestive as to give rise to "a substantial likelihood of irreparable misidentification." *Neil* v. *Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Sawyer* v. *State*, (1973) 260 Ind. 597, 298 N.E.2d 440.

The "independent basis" test is part of the separate doctrine which mandates exclusion of testimony of an extrajudicial identification conducted so as to deny an accused the assistance of counsel. *United States* v. *Wade*, (1967) 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149; *Winston* v. *State*, (1975) 263 Ind. 8, 323 N.E.2d 228. When evidence of an identification violating *Wade* is

suppressed, the identifying witness may still make an in-court identification if that identification has a basis independent of the *Wade*-violative one. *Id.* This Court has used the "independent basis" test in dealing with suggestive identifications, e.g. *Swope* v. *State, supra;* this is proper because if an in-court identification has a basis independent of the out-of-court viewing, it necessarily follows that the suggestive procedure did not produce an "irreparable misidentification" rendering the trial identification unreliable.

In view of the foregoing discussion, it should be clear that "independent basis" does not become a relevant concept until it is established that an unnecessarily suggestive extrajudicial identification procedure occurred. Here the alleged viewing of the newspaper photograph is apparently the identification procedure objected to. We are aware of no cases in this or any other jurisdiction considering whether the viewing by a witness of a newspaper article containing a photograph of the accused and identifying him as a suspect, can constitute an impermissibly suggestive identification procedure. We are of the opinion that it cannot.[2] *Stovall* referred to "confrontations" as the type of witness-accused contact to which it applied.

> "A 'confrontation' as defined in [*Stovall*] is an occasion when a witness looks at a suspect or listens to a voice for the purpose of attempting to make an identification." (Citation omitted.) *Smith* v. *State,* (1975) 263 Ind. 643, 336 N.E.2d 648, 649.

One reading a newspaper ordinarily has no fore-knowledge of what he or she will find; it is not realistic to assume that if Mrs. Simpson had seen appellant's picture, she looked at it for the purpose of identifying appellant. This type of activity is not engineered by prosecution or law enforcement agencies, and therefore would not be deterred by application of *Stovall's* exclusionary rule. Finally, since newspapers are free to print what they feel is appropriate,

---

2. The exhibition of such a photograph to a witness by a police officer would be such a procedure.

it is difficult to imagine how this type of witness-accused contact can be avoided, and no legitimate purpose would be served by subjecting the witness' subsequent in-court identification testimony to possible exclusion. *Stovall* was aimed at the more egregious suggestiveness inherent in certain police identification procedures. Any suggestion implanted in the witness' mind by seeing a suspect's photograph in the newspaper should go to the weight, and not the admissibility of the in-court identification.

Therefore appellant's newly discovered evidence would have served only to impeach Mrs. Simpson's testimony. Newly discovered evidence which serves only for impeachment does not require the grant of a new trial. *Jones* v. *State*, (1974) 262 Ind. 159, 312 N.E.2d 856; *Bradburn* v. *State*, (1971) 256 Ind. 453, 269 N.E.2d 539. Newly discovered evidence must be "material and decisive" so as to "raise a strong presumption that it will, in all probability, result in an opposite conclusion in another trial." *Marshall* v. *State*, (1970) 254 Ind. 156, 162, 258 N.E.2d 628, 631. We do not find that appellant's newly discovered evidence meets this standard.

## II.

Appellant in his brief argues that the identification of appellant in juvenile court occurred under impermissibly suggestive circumstances. At the threshold we must determine whether appellant has preserved this issue for review.

Appellant made no objection to Mrs. Simpson's identification of him at the waiver hearing. At trial appellant objected when Mrs. Simpson was asked to identify appellant as the robber, apparently on the grounds that preliminary questioning revealed that the robber Mrs. Simpson saw wore a woman's stocking over his face.

We find therefore that appellant has attempted to raise this argument for the first time on appeal, without having

afforded the trial court any opportunity to consider the issue. We may not permit appellant to do this. *James* v. *State,* (1974) 261 Ind. 495, 307 N.E.2d 59.

The judgment of the trial court is affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 356 N.E.2d 204.