CHARLES L. COOPER v. STATE OF INDIANA.

[No. 576S133. Filed February 9, 1977.]

*Harold Kohlmeyer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is a direct appeal from the Marion County Criminal Court, Division Four. Defendant (Appellant) was convicted of committing a felony while armed with a deadly weapon and was sentenced to imprisonment for a determinate period of fifteen years. Two issues are presented for our determination:

(1) Correctness of the trial court's ruling permitting the in-court identification of the defendant by an eyewitness to the crime, over the objection that it was fatally tainted by impermissibly suggestive pre-trial identification procedure.

(2) Correctness of the trial court's denial of a motion for a mistrial predicated upon allegedly prejudicial remarks made by the court in the presence of the jury venire.

The evidence disclosed that the defendant and two other black males entered the victimized premises, a liquor store in Indianapolis. As one of the two employees attending the store commenced to register a sale to one of the three, he observed that they were armed. One of the three held a gun on the second employee and another, the defendant, stood by the public entrance and held a sawed-off shotgun. The employee at the sales counter took $675.00 from the cash register and gave it to the third man, who in turn gave it to the defendant.

## ISSUE I

The defendant's motion to suppress any in-court identification by the two eyewitness-employees was based upon the hypothesis that the pre-trial identification procedure conducted by the Indianapolis police was unnecessarily suggestive, *Stovall* v. *Denno,* (1967) 388 U.S.

293, 87 S.Ct. 1967, 18 L.Ed.2d 1199; *Fields* v. *State,* (1975) 263 Ind. 550, 333 N.E.2d 742; *Dillard* v. *State,* (1971) 257 Ind. 282, 274 N.E.2d 387, and resulted in the "likelihood of irreparable mis-identification" which tainted any subsequent identification, *Simmons* v. *United States,* (1968) 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247; *Carmon* v. *State,* (1976) 265 Ind. 1, 349 N.E.2d 167; *Sawyer* v. *State,* (1973) 260 Ind. 597, 298 N.E.2d 440.

The defendant and the two eyewitnesses testified at the pre-trial hearing upon the motion to suppress. The substance of the testimony indicated that the two witnesses were called to the police station with the understanding that they were to identify someone. They were seated in an office, and the defendant, wearing prison clothing, was brought in and seated before them for some five or ten minutes and then removed. No words were uttered during this observation. Thereafter, a police officer asked the witnesses whether or not the defendant was one of the robbers, and they agreed that he was.

There is a generally recognized distinction between the admissibility of evidence relating the facts of an improperly conducted pre-trial identification and the admissibility of an in-court identification which is made without reference to the prior identification, *Neil* v. *Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Norris* v. *State,* (1976) 265 Ind. 508, 356 N.E.2d 204; *Sawyer* v. *State, supra.* The admissibility of an in-court identification cannot be attacked in this context unless the testimony relating the pre-trial identification would have been inadmissible. But even though the evidence relating to the pre-trial identification be inadmissible, in order for the in-court identification to be precluded by reason of the suggestiveness of the out-of-court identification, it must have been thereby fatally tainted. *United States* v. *Wade,* (1967) 388 U.S. 219, 87 S.Ct. 1926, 18 L.Ed.2d 1149; *Norris* v. *State, supra.*

Determining the existence of a "taint" presents certain difficulties. As Justice Black observed in his dissent to the *Wade* decision:

"* * * The 'taint'-'fruit' determination required by the Court involves more than considerable difficulty. I think it is practically impossible. How is a witness capable of probing the recesses of his mind to draw a sharp line between a courtroom identification due exclusively to an earlier lineup and a courtroom identification due to memory not based on the lineup?" 388 U.S. 219, 248, 87 S.Ct. 1926, 1943, 18 L.Ed.2d 1149, 1169.

This Court, however, has adopted the "independent basis" test when dealing with an in-court identification which is potentially tainted by an unconstitutionally suggestive pre-trial procedure. *Carmon* v. *State, supra; Swope* v. *State*, (1975) 263 Ind. 148, 325 N.E.2d 193; *Vicory* v. *State*, (1974) 262 Ind. 376, 315 N.E.2d 715. Rather than to rely upon the witness' subjective memory, which appears to be the source of the problem rather than the solution, the independent basis test considers only the objective circumstances of each case. These consist of the witness' actual opportunity to observe the accused and such facts as would indicate whether or not the witness could have identified the suspect without the influence of the suggestive procedure. *Vicory* v. *State, supra; Frasier* v. *State*, (1974) 262 Ind. 59, 312 N.E.2d 77.

In the instant case, both witnesses had an ample opportunity to observe the robbers. The liquor store was well lighted, the robbers wore no masks, and the robbery was in progress for ten to fifteen minutes. Unquestionably, the pre-trial identification procedure was impermissibly suggestive and is to be condemned. In the light of *Neil* v. *Biggers, supra,* however, and our earlier cases hereinbefore cited, there was no error in admitting the in-trial identification, as one untainted by the improper procedures. In addition, both witnesses independently identified the defendant not only as one of the robbers but specifically as the one who stood by the door with the sawed-off shotgun. Even had the police identification procedure suggested that the defendant was one of the robbers, there is no indication of any suggestion as to which one of the three he was. To some extent, this militates against the likelihood of a tainted in-court identification.

## ISSUE II

During voir dire examination of the prospective jurors, the trial judge made the following comment:

"You know something? We have a man charged with armed robbery. People are getting killed all the time in armed robberies, innocent citizens. We're down to you and the preacher's wife."

Defense counsel objected to this comment and moved for a mistrial. The court denied the motion but admonished the jurors with the following statement:

"In my exasperation this morning, when, when that last gentleman, who was thinking of everything he could think of to get off of this Jury, I made the statement, something to the effect that people get killed in armed robberies and so forth. Now that was a general statement, and was not intended to reflect upon the guilty or innocence of Mr. Cooper, who is charged here today. I certainly take no position whatsoever, that would be the Jury's sole and exclusive duty to make that determination, and I did not want that to be construed in any way as if I was reflecting on Mr. Cooper's guilt or innocence, which I was not, it's simply a remark hoping to catch the attention of the man who finally did get off the Jury, it didn't work."

The trial judge's original statement was clearly erroneous, *Dewey* v. *State,* (1976) 264 Ind. 403, 345 N.E.2d 842, but he promptly and thoroughly admonished the Jury. This is analogous to the erroneous admission of evidence, which is presumptively cured by an admonishment, *Carmon* v. *State, supra,* and the defendant has the burden to show that he has, nevertheless, been prejudiced. *Carmon* v. *State, supra, Dewey* v. *State, supra; Hubbard* v. *State,* (1974) 262 Ind. 176, 313 N.E.2d 346; *White* v. *State,* (1971) 257 Ind. 64, 272 N.E.2d 312. The defendant has not met this burden.

The trial judge has great latitude in determining whether or not to grant a mistrial, and reversal will result only from clear error in his ruling. *Carmon* v. *State, supra; Dewey* v. *State, supra; Whitten* v. *State,* (1975) 263 Ind. 407, 333 N.E.2d 86. There was no such clear error in this case.

## WAIVED ISSUE

The defendant seeks to have us consider an additional issue, which he asserts was properly raised at the time of trial while acknowledging its omission from the motion to correct errors. This issue would involve the propriety of an instruction which made mention of "good time credit" and "sentencing alternatives" and instructed that such should not be considered in arriving at the verdict. The full instruction was as follows:

"A person who is convicted of a crime by a jury is sentenced by the Judge. In many cases the Judge has certain sentencing alternatives which may include probation, restitution, short sentences, rehabilitation programs, etc. In other cases the law requires the Judge to sentence to a term of imprisonment that is either fixed by the law, or set by the Jury.

"A person who is sentenced to imprisonment for less than life is entitled by law to a reduction of his time based upon a certain schedule and upon his behavior in the institution. Also he is given credit toward his sentence for time spent in jail on this charge. For these reasons it is possible that a person could serve considerably less than the stated sentence. On the other hand, it is also possible that a person could serve the full maximum. In either case it is determined by further events beyond our present knowledge or control.

"Therefore, in arriving at your verdict, you should not consider or speculate as to the actual amount of time a person will serve."

The defendant correctly notes that a reviewing court may consider questions raised for the first time on appeal if necessary to serve the ends of substantial justice or prevent the denial of fundamental rights. If the instruction was, in fact, erroneous, it, nevertheless, does not rise to "substantial error" warranting us in going behind a waiver and litigating that which could and should have been litigated below. We, therefore, decline to pass upon the issue, but we note in passing that the tenor of the instruction appears to have been protective of the defendant, rather than to have encouraged the Jury to counter any considerations favorable to convicted criminals.

We find no reversible error, and the judgment of the trial court is affirmed.

Givan, C.J. and Hunter, J. concur; DeBruler, J. concurs in result; Arterburn, J. not participating.

NOTE.—Reported at 359 N.E.2d 532.