JAMES ALLEN HARRIS *v.* STATE OF INDIANA.

[No. 277S133. Filed March 7, 1978.]

*Noble R. Pearcy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Harris was convicted of rape at the conclusion of a jury trial in Marion Criminal Court on June 21, 1976, and sentenced to fifteen years imprisonment. Three issues are presented for our review: (1) whether an in-court identification of appellant by the victim was proper, in light of pre-trial identification procedures; (2) whether the

court properly admitted testimony by the victim relating to a pre-trial voice identification of appellant on tape, and; (3) whether the verdict was supported by sufficient evidence.

## I.

The facts relevant to the allegedly tainted in-court identification of appellant by the victim are as follows. The victim testified that she was called to come down to the police station, and informed by a detective that they wanted her to "look at someone." She was then taken to a courtroom and told that the person they wanted her to look at would be appearing at some time. Shortly later, the victim testified that a group of seven or eight black men appeared, and that she immediately identified appellant and said aloud, "that's him."

The sole argument on appeal is that the detective's suggestion before this line-up that they wanted the victim to look at someone, coupled with the later statement to the victim that such person would be appearing shortly, made the line-up unnecessarily suggestive. We do not agree. "It would normally be expected, if one were viewing a line-up, that there apparently is at least one person in that line-up that the police suspect may be the one who committed the crime." *Pierce* v. *State*, (1977) 267 Ind. 240, 369 N.E.2d 617, 620. The line-up here was proper and the victim's identification free and spontaneous. There was no unnecessary suggestivity and the victim's in-court identification testimony was properly admitted at trial.

## II.

Appellant's argument in relation to the victim's pre-trial voice identification is of the same sort made against the line-up above. Appellant argues that the victim's in-court identification of him was tainted by an allegedly suggestive pre-trial voice identification, which the victim referred to in her trial testimony. Relative to this question, the victim testified that

she was not sure whether she was told by police that the voice on the tape was a suspect, but that she could have assumed as much. The conversation on the tape was that of a police officer questioning a person about a rape other than the one in issue here. The victim testified, though, that she was not paying much attention to the substance of the conversation anyway, but rather was listening "for voices." After listening, the victim told police that it was "his voice."

Use of voice identification of an offender is permitted in criminal cases. *See Barnes* v. *State,* (1971) 255 Ind. 674, 266 N.E.2d 617. The fact that the tape here was a ▮▮ conversation dealing with rape does not alone make the tape unnecessarily suggestive. In view of all the circumstances and evidence on this issue, we find that there was no unnecessary suggestivity in this voice identification procedure.

## III.

Appellant finally challenges the sufficiency of evidence. It is well-settled that a conviction of rape may be on the testimony of the victim alone. *Beard* v. *State,* (1975) ▮ 262 Ind. 643, 323 N.E.2d 216; *Lynch* v. *State,* (1974) 262 Ind. 360, 316 N.E.2d 372. The victim in this case testified that she was attacked in Market Square Arena Garage after parking her car, and dragged away and raped. She testified that the attack lasted more than five minutes, and she made an in-court identification of appellant as her assailant. Further, police testimony established that fingerprints found on a car near the scene of the crime were the appellant's. There is thus substantial evidence of probative value to support the conclusion by the trier of fact.

The judgment of the trial court is affirmed.

Givan, C.J., DeBruler, Hunter, JJ., concur; Prentice, J., concurs in result with opinion.

## OPINION CONCURRING IN RESULT

PRENTICE, J.—The second issue of the majority opinion deals with the admission of testimony concerning a pre-trial identification of the defendant. The witness was a rape victim, and she identified Defendant's voice as that of her assailant after listening to a taped conversation in which he was being questioned in connection with the investigation of an unrelated rape. The majority indicates that this procedure was not suggestive, and it is with this conclusion that I disagree.

Although the testimony relating that the witness had identified Defendant's voice would have been properly excluded due to the suggestive nature of the identification procedure, I concur in the result reached by the majority for two reasons. First the defendant did not base his objection to the admission of the evidence in question upon the suggestive nature of the identification procedure. Rather, he objected upon the ground that he had not had the opportunity to review the tape from which the identification was made. A proper and timely objection must be made at trial to preserve the error on appeal. *Estelle* v. *Williams*, (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126.

Second, the witness had identified the defendant during a properly conducted pre-trial line-up, and also had made an in-court identification. Both of these identifications were free of any taint from the suggestive voice identification, and were properly admitted. Since the voice identification was merely cumulative of properly admitted evidence, any error in its admission would, nevertheless, have been harmless.

In *Cooper* v. *State*, (1977) 265 Ind. 700, 359 N.E.2d 532, this Court stated:

"There is a generally recognized distinction between the admissibility of evidence relating the facts of an improperly conducted pre-trial identification and the admissibility of an in-court identification which is made without reference

to the prior identification, *Neil* v. *Biggers,* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401."

In Indiana, the standard for the admission of evidence relating the details of a pre-trial identification looks only to the manner in which the identification procedure was conducted. If the procedure was unnecessarily suggestive, evidence concerning the particular identification must be suppressed. *Zion* v. *State,* (1977) 266 Ind. 563, 365 N.E.2d 766; *Norris* v. *State,* (1976) 265 Ind. 508, 356 N.E.2d 204. This test differs from the one mandated by the United States Constitution. See, *Manson* v. *Brathwaite,* (1977) 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140.

Identifications which are subsequent to the unnecessarily suggestive procedure need be excluded only if the original impropriety is likely to result in irreparable misidentification. *Norris, supra; Cooper, supra.* This test looks to the totality of the circumstances in each case, and it has been referred to as the "independent basis test." *Cooper, supra.*

Although defendant has failed to cite any cases which have considered problems akin to voice identification, Chief Justice Givan has stated:

> "A 'confrontation' as defined by *Stovall* v. *Denno,* (1967) 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967, is an occasion when a witness looks at a suspect or *listens to a voice* for the purpose of attempting to make an identification." *Smith* v. *State,* (1975) 263 Ind. 643, 336 N.E.2d 648. (Emphasis added)

The considerations are the same for the procedures used in a voice identification as they are in visual identifications. Here the defendant is challenging the admission of evidence relating to the voice identification itself, and he does not argue that subsequent identifications must be suppressed due to the taint of the voice identification. The only question is whether or not the procedure employed to make the voice identification was unnecessarily suggestive.

In *Parker* v. *State,* (1970) 254 Ind. 593, 261 N.E.2d 562, this Court stated:

"One area that is especially sensitive is the mental state of the witness as he approaches the confrontation. The police should take affirmative action to avoid giving the witness the idea that they have the man involved and what they are seeking is a confirmation from the witness."

The circumstances of the identification procedure employed here could only suggest to the witness that the defendant was a prime police suspect. The procedure was *unnecessarily* suggestive because the police could easily have obtained an exemplar of defendant's voice in which he did not discuss the subject of rape. Furthermore, voice exemplars of more than one individual should have been played to the witness for comparison purposes.

NOTE.—Reported at 373 N.E.2d 149.