## ST. CLAIR POINDEXTER v. STATE OF INDIANA.

[No. 177S24. Filed April 17, 1978.]

*Hugh G. Baker, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, St. Clair Poindexter, was convicted by a jury of commission of a felony while armed, to-wit: robbery, and sentenced to thirteen years' imprisonment. He now appeals and raises the following issues:

1. Whether the court erred in overruling the defendant's motion for change of venue from the judge;

2. Whether the court erred in overruling defendant's motion to dismiss the information for alleged failure to state the place of the crime with specificity;

3. Whether the court erred in overruling defendant's motion to challenge the array of the jury;

4. Whether the court erred in overruling defendant's motion to suppress the pre-trial identification of defendant;

5. Whether the court erred in failing to give defendant a preliminary hearing;

6. Whether the court erred in giving certain instructions to the jury;

7. Whether the court erred in admitting certain evidence;

8. Whether the court erred in denying defendant's request to personally participate in the final argument; and

9. Whether the verdict was sustained by sufficient evidence.

The events of the night of the crime can be summarized from the record. In August, 1975, the Indiana Liquor Carry-out store owned by David Borman was robbed. At the time of the robbery Borman's wife and son were managing the store. Mrs. Borman noticed a gold Cadillac parked next to the store with two black male occupants. These men left their car, entered the liquor store, and started to purchase some liquor. One man picked up a bottle of rum and then pulled out a long knife and held it against Mrs. Borman's arm while he took money out of the cash register drawer. The two men then left in the Cadillac and Mrs. Borman reported the crime to the police. She had written down the license plate number, and the police stopped the car about fifteen minutes later. Two men and a woman were in the car.

The defendant got out of the car, walked to the front and threw $76.00 on the ground. A butcher knife was found in the car and a bottle of rum was found on the ground beside the car. A police car took Mrs. Borman to the scene where she identified the defendant and the other man as being the two robbers. She specifically identified the defendant as the man who had held a knife against her and taken money out of the cash register.

I.

The defendant first alleges that the court erred in over-ruling the motion for change of venue from the judge based on the fact that the judge was prejudiced because he lived on the same street as the victim. The defendant contends that when the application for a change of venue from the judge is based on the prejudice of the trial judge, there is no discretion to refuse the motion.

However, our Indiana cases clearly hold that it is only the *first* change of venue from a judge that must be granted without discretion. *State ex rel. Benjamin* v. *Criminal Court of Marion County,* (1976) 264 Ind. 191, 341 N.E.2d 495; IND. R. CRIM. P. 12. Subsequent

changes from either the county or the judge may be granted at the discretion of the court if the defendant can show good cause. *Bradberry* v. *State,* (1974) 160 Ind. App. 202, 311 N.E. 2d 437.

In the instant case, the defendant had already been granted one change of judge from The Honorable Andrew Jacobs, Sr., for the reason of prejudice. Therefore, it was within the discretion of the trial court to deny his subsequent motion for change of judge.

The defendant contends that Judge Jasper was prejudiced because he lived on the same street as the prosecuting witness. The record does not support this contention but shows that the judge stated in open court that he did not know the prosecuting witness and did not know where she lived. The record further shows that the judge lived four blocks away from the witness. In a large city it is not unusual not to be acquainted with or know persons who live on the same street, especially those who live four blocks away. Under these circumstances there was no abuse of discretion in denying defendant's motion for change of judge.

## II.

The defendant next argues that the place of the crime should have been alleged more specifically in the information. The information stated that the crime took place "at and in the County of Marion in the State of Indiana," and further stated that the property which was stolen was "the property of David Borman doing business as Indiana Liquors." This Court has held that an indictment for murder is sufficient as against a motion to quash if it alleges that the offense was committed within the county. *Robbins* v. *State,* (1968) 251 Ind. 313, 241 N.E.2d 148; *State* v. *Carrier,* (1956) 235 Ind. 456, 134 N.E.2d 688. The defendant has failed to show how the lack of a more specific address has mislead or prejudiced him. There was no trial court error in denying defendant's motion to dismiss the information.

## III.

The defendant argues that the panel of jurors in his case was not a significant or fair cross-section of the community because of the jury selection process employed by the Marion County Criminal Court, Division Three. This selection process involves sending a questionnaire with each summons to allow prospective jurors to state reasons why they should not serve. This Court has recently upheld the fairness of this type of jury selection in *Brown* v. *State,* (1977) 266 Ind. 82, 360 N.E.2d 830. There was no error in overruling defendant's motion to challenge the array of the jury.

## IV.

The defendant next alleges that the in-court identification of defendant by Mrs. Borman was tainted and should have been suppressed. Mrs. Borman first identified the defendant at a police show-up about fifteen minutes after the crime had occurred. The police took Mrs. Borman to the area where they had stopped the car in which defendant was riding. There were several police cars at the scene and the defendant was lined up against one of the police cars. Mrs. Borman positively identified the defendant as the robber who had held a long knife against her and demanded cash. She later also positively identified the defendant in court.

It is clear that a one-on-one confrontation between suspect and victim is as a general proposition very suggestive, *Cooper* v. *State,* (1977) 265 Ind. 700, 359 N.E.2d 532, but it is not always unnecessarily suggestive, *Zion* v. *State,* (1977) 266 Ind. 563, 365 N.E.2d 766; *Dewey* v. *State,* (1976) 264 Ind. 403, 345 N.E.2d 842. The value of the witness's observing the suspect while the image of the offender is fresh in his mind has been held to make some immediate identifications not unnecessarily suggestive. *Zion, supra; Dillard* v. *State,* (1971) 257 Ind. 282, 274 N.E.2d 387. While

there were some suggestive factors unavoidably involved in the instant confrontation, it was not unnecessarily suggestive.

Furthermore, the defendant here is trying to suppress the in-court identification. This Court has adopted the "independent basis" test when dealing with an in-court identification which is potentially tainted by an unconstitutionally suggestive pre-trial show-up. *Cooper, supra.* Identifications which are subsequent to the suggestive procedure need be excluded only if the original impropriety is likely to result in later misidentification. *Norris* v. *State,* (1976) 265 Ind. 508, 356 N.E.2d 204; *Cooper, supra.*

In the instant case, the victim had ample opportunity to observe the robbers during the crime. They wore no masks, the store was well lighted, and they were in the store for several minutes. The victim identified the defendant not only as one of the robbers but specifically as the one who held the knife against her. Under these circumstances, there was no error in admitting the in-court identification.

## V.

Defendant contends that the failure of the trial court to give him a preliminary hearing violated his due process rights, but there is no merit to this contention. The record before us shows that petitioner was arrested pursuant to a capias issued by the Criminal Court of Marion County. This Court has clearly held that when a defendant is charged by an affidavit or information filed in the criminal court and arrested on a capias issued by that court he is not entitled to a preliminary hearing. *Fender* v. *Lash,* (1973) 261 Ind. 373, 304 N.E.2d 209; *Penn* v. *State,* (1961), 242 Ind. 359, 177 N.E.2d 889.

## VI.

The defendant contends that there are several errors concerning instructions. First he alleges that one of the prelim-

inary instructions is confusing to the jury because it limits their theories of innocence. However, this is the standard instruction telling the jury that they must base their decision on the evidence presented and not on speculation. This is a correct statement of the law and there was no error.

The defendant next alleges that the trial court erred in refusing to give his tendered instructions on lesser included offenses. This Court has held that for an instruction upon a lesser included offense to be proper, there must be some evidence of probative value from which the jury could properly find the defendant guilty of such lesser included offense. *Hash* v. *State*, (1972) 258 Ind. 692, 284 N.E. 2d 770. In the instant case, a knife was used to perpetrate the robbery and all the evidence presented supported the charge of armed robbery. There was no error in refusing defendant's tendered instructions on lesser included offenses.

The defendant also challenges one of the court's final instructions which explained to the jury its duty to assess the appropriate penalty in the event a guilty verdict was returned. The defendant alleges that the instruction gave the jurors no guidelines upon which to decide the penalty. This identical instruction has been considered in light of this same contention in two recent cases and has been upheld. *Randolph* v. *State*, (1977) 266 Ind. 179, 361 N.E.2d 900; *Brown* v. *State*, (1977) 266 Ind. 82, 360 N.E.2d 830.

Finally, the defendant contends that the alternate juror should not have been allowed to retire with the jury and that the instruction covering this was erroneous. This issue has been fully discussed in *Johnson* v. *State*, (1977) 267 Ind. 256, 369 N.E.2d 623, where this Court held that an alternate juror can retire with the jury if instructed not to participate in the deliberations. The instruction in the instant case warned the alternate juror not to participate in the deliberations unless she was called upon to replace a regular juror. There was no error in this instruction.

## VII.

The defendant contends that the court erred in admitting into evidence a bottle of rum, a large knife, and $76 in cash. Defendant contends that these exhibits were not sufficiently connected to him and were not properly identified. However, this Court has held that positive proof of authentication of an object is not necessary for the admission of the object into evidence. *Elliott* v. *State,* (1972) 258 Ind. 92, 279 N.E.2d 207. Any fact which legitimately tends to connect the defendant with a crime is admissible when only a reasonable inference may be deduced from such evidence. *Hill* v. *State,* (1978) 267 Ind. 480, 371 N.E.2d 1303; *Hamp* v. *State,* (1973) 157 Ind. App. 567, 301 N.E.2d 412.

In the instant case, both the bottle of rum and the knife were described by the victim as being like those involved in the robbery. They were found in close proximity to the defendant when the police stopped the car in which he was riding. Police testified that the defendant threw the $76 on the ground when he got out of the car. This was sufficient identification and connection with the defendant to admit these exhibits into evidence.

## VIII.

Defendant alleges that the court erred in denying his request to personally participate in the final argument. This Court has held that where a defendant is represented by competent counsel throughout the trial, it is proper for the trial court to determine whether the summary of evidence in the final argument can best be made by counsel or by the defendant. *Adams* v. *State,* (1974) 262 Ind. 220, 314 N.E.2d 53. In the instant case, defendant was represented by competent counsel throughout the trial. The trial court determined that the final argument could best be made by counsel. There was no error in denying defendant's request to participate in the final argument.

## IX.

Defendant's final contention is that there was insufficient evidence to sustain the verdict. In determining whether the conviction was supported by sufficient evidence, this Court neither weighs the evidence nor resolves questions of witness credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Grigsby* v. *State,* (1978) 267 Ind. 465, 371 N.E.2d 384; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

In the instant case, the defendant was positively identified by the victim a few minutes after the robbery, the car in which he was riding was specifically identified by its license plate, make and color as the car involved in the robbery, the bottle of rum and a long knife were found where the defendant stepped out of the car, and the defendant threw $76 on the ground. This was sufficient evidence from which the jury could have concluded that the defendant did commit the crime.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur; DeBruler, J., concurs in result.

Note.—Reported at 374 N.E.2d 509.