WILLIE D. KELLY, JR. *v.* STATE OF INDIANA.

[No. 977S722. Filed August 28, 1978.]

*Stephen M. Sims,* of Fort Wayne, *Robert S. Bechert,* Deputy Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Willie D. Kelly, Jr., was convicted by a jury of commission of a felony while armed, to-wit: robbery, Ind. Code § 35-12-1-1 (Burns 1975), and sentenced to thirty years' imprisonment. This direct appeal raises the following issues:

1. Whether the trial court erred in permitting testimony about the out-of-court identification of the defendant by the prosecuting witness;

2. Whether the trial court erred in overruling defendant's objection to the in-court identification of the defendant by the prosecuting witness; and

3. Whether the evidence was sufficient to support the verdict.

The evidence most favorable to the state reveals that the defendant walked into a Mr. Donut shop in Fort Wayne one night around 11:30 p.m. Karen Gibson was working behind the counter at that time. She testified that the defendant handed her a note which said that he had a gun and that she was to put the money from the cash register into a bag. At first she thought this was a joke, but defendant then pointed a "silver hand gun" at her and she became afraid. She put the money that was in the cash register, which was

around $75 into the bag. The defendant was standing just across the counter from her during this time and was not wearing a mask. Miss Gibson testified that she formed a vivid picture in her mind of the robber during this incident and so was able later to identify him as the defendant.

Miss Gibson went to the police station the next day and looked through many photographs. She picked out two which resembled the robber. However, she said the photographs looked a little younger than the robber and she was almost sure "but not absolutely sure" that this was the person. She requested to see the individual whose photographs she had recognized. With the express waiver of the right to a police lineup by the defendant, a confrontation was arranged.

Miss Gibson went to the police station and viewed the defendant and a police officer standing behind a silhouetting screen. She felt the screen obscured her view, and she requested to see the defendant without the screen. When Miss Gibson confronted the defendant without the intervening screen, she positively identified him as the robber. At no time did the police suggest that they had the robber, but only that they had the person whose photographs the witness had already selected. Miss Gibson again positively identified the defendant as the robber at the trial. She testified that she had retained the original vivid mental picture she had formed at the time of the robbery which enabled her to identify the defendant at the trial.

## I.

The defendant alleges that the confrontation at the police station was so unnecessarily suggestive that it gave rise to a substantial likelihood of irreparable mistaken identification and was therefore a denial of due process. *Stovall* v. *Denno,* (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

It is clear that a one-on-one confrontation between suspect and victim is as a general proposition very suggestive, but

it is not always unnecessarily suggestive, *Poindexter* v. *State*, (1978) 268 Ind. 167, 374 N.E.2d 509; *Zion* v. *State*, (1977) 266 Ind. 563, 365 N.E.2d 766; *Norris* v. *State*, (1976) 265 Ind. 508, 356 N.E.2d 204.

In the instant case there were several indications of the reliability of the identification before the confrontation took place. The witness had a clear opportunity to view the robber at a distance of only two to three feet during the crime. The incident lasted three to five minutes and the robber wore no mask. The witness was able to give an accurate description of the robber minutes after the incident including his race, his height, his build, his approximate age and the clothing he wore.

The witness stated that she had formed a clear mental picture of the robber and was able to pick defendant's photograph out of over one hundred pictures at the police station. The subsequent confrontation was not to suggest that the police had a suspect but was for the witness to view the person whose photograph she had already identified. The defendant had expressly waived his right to a police lineup.

The United States Supreme Court has indicated that the reliability of the identification is to be considered even though the confrontation procedure was suggestive. *Manson* v. *Brathwaite*, (1978) 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140; *Neil* v. *Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401. In the instant case, considering the clear opportunity to view, the accuracy of the description, the photographic identification, the witness's level of certainty, and the lack of any pressure by the police on the witness, the witness's ability to make an accurate identification is not outweighed by any suggestive effect of the challenged confrontation. The witness's reluctance in stating that she was absolutely sure of the photographic identification showed how clearly she had retained her original mental picture of the defendant. The photographs she viewed showed the defendant

when he was a few years younger than at the time of the crime. She stated to the police that she was almost sure the man in the photographs was the robber but she could not be absolutely sure because the pictures showed a younger person.

While it would be better if the police used a lineup procedure whenever possible, under the totality of the circumstances of this case, we find the confrontation was not unnecessarily suggestive.

## II.

The defendant further alleges that the admission of Miss Gibson's in-court identification was erroneous because that identification was tainted by the out-of-court confrontation. However, this Court has adopted the "independent basis" test when dealing with an in-court identification which is potentially tainted by an unconstitutionally suggestive procedure. *Poindexter, supra.* Identifications which are subsequent to the allegedly suggestive procedure need be excluded only if the original impropriety is likely to result in later misidentification. *Norris, supra.*

In the instant case, the witness stated she had retained a vivid mental picture of the defendant from the night of the crime and was able to base her in-court identification on this. As discussed above, she had ample opportunity to view the robber during the crime and was able to give an accurate description of him to the police immediately after the incident. There was no error in admitting the in-court identification.

## III.

The defendant finally alleges that without the identification of the defendant by the witness there is insufficient evidence to sustain the verdict. Since we have found there was no error in admitting the identification testimony, we do not have to consider this argument.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 379 N.E.2d 963.