Charles Wayne MORGAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1180S412.

Supreme Court of Indiana.

Sept. 10, 1981.

Leroy K. New, Carmel, for appellant.

Theodore L. Sendak, Atty. Gen., John K. Silk, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Charles Wayne Morgan was tried by a jury on charges of rape and robbery, Ind. Code § 35–42–4–1 and § 35–42–5–1. He was acquitted on the robbery charge and convicted on the rape charge. The court sentenced him to thirty years' imprisonment.

Morgan raises three issues in this direct appeal:

1. Whether the verdict was supported by sufficient evidence.

2. Whether the verdicts were inconsistent, requiring reversal.

3. Whether the court erred in several evidentiary rulings.

The evidence favorable to the State shows that on February 9, 1970, about 1:00 a. m., the appellant, a taxicab driver, was dispatched to pick up L.J. at a bar in Indianapolis. L.J. directed him to take her to the home of one of her sisters. Morgan then put a knife to her throat, forced her to have oral sex with him, and raped her.

**1.**

■ In reviewing sufficiency claims this Court neither weighs the evidence nor resolves questions of credibility, but only examines the evidence, and reasonable inferences drawn therefrom, that support the verdict. We will not disturb the jury's verdict as long as there is evidence of probative value from which a reasonable trier of fact could conclude beyond a reasonable doubt that the defendant was guilty. *Hicks v. State*, (1980) Ind., 401 N.E.2d 702.

Morgan argues that the evidence was insufficient because L.J. was drunk during the attack, because L.J.'s story about going to her sister's house at an early hour in the morning was illogical, and because her description of the attack was unlikely. He also argues that uncorroborated testimony should be considered insufficient.

L.J. testified that she had been drinking, but that she wasn't drunk and she wasn't sober either. It was for the jury to assess her credibility. The claims that L.J.'s version of events was illogical and unlikely merely invite this Court to weigh the evidence, which we cannot do. Her version is

not so inherently improbable as to have no weight at all. *Penn v. State*, (1957) 237 Ind. 374, 146 N.E.2d 240. See also, *Gaddis v. State*, (1969) 253 Ind. 73, 251 N.E.2d 658.

L.J. testified that on the day before the attack she had received a letter from a sister informing her that her father was critically ill. She said that she reacted by drinking several beers, first at her home and later in a nearby bar. She then called for a taxicab in order to go to her sister's home to talk about her father. That she would take this step in the middle of the night to drop in on a sister she had not seen for several months, does not render her story so inherently improbable as to have no weight at all. One could reasonably conclude that it was an act occasioned by the bad news regarding her father and the use of alcohol. The taxicab which was dispatched was driven by appellant. He subsequently drew a knife, threatened her with it, forced her to have oral sex with him, and raped her. L.J. picked out appellant's picture from a photographic array at the police station following the attack. Morgan testified that L.J. consented to the acts. The jurors were not bound to believe appellant's version, and they were free to believe the victim's version.

■ A conviction of rape may be based upon the uncorroborated testimony of the victim. See, e. g., *Riddle v. State*, (1980) Ind., 402 N.E.2d 958; *Harris v. State*, (1978) 268 Ind. 12, 373 N.E.2d 149.

The verdict was supported by sufficient evidence.

### 2.

■ Morgan was also charged with robbery in the same incident and the jury acquitted him. He claims that the verdicts are inconsistent, requiring reversal because the jury could not have believed that L.J. had been raped by him and at the same time have disbelieved that she had been robbed by him. He argues that acquittal on the robbery charge rendered insufficient the evidence remaining as to the rape because the evidence was identical on both charges. Finally, he argues that the two charges are mutually exclusive.

These contentions have no merit. The charges involved different crimes, each crime having different elements. The evidence proving the rape was not identical to that proving the robbery. It was not inconsistent for the jurors to believe that Morgan had raped L.J. but not robbed her.

### 3.

■ The trial court, over objection, permitted L.J. to tell the jury about the contents of the letter she received concerning her father's condition. Morgan argues that this was prejudicial error requiring reversal because the contents were immaterial and evoked the jurors' sympathy for the victim. The trial court has broad discretion in determining relevancy of evidence. "Any evidence which substantiates the credibility of a prosecuting witness on the question of guilt is material and relevant and may be properly admitted." *McPhearson v. State*, (1969) 253 Ind. 254, 253 N.E.2d 226, 227–228. The contents of the letter added credence to the prosecuting witness' story of her behavior on the night before and the morning of the attack, and supported her version of the reason for the early-morning taxicab ride.

■ The prosecutor asked L.J. this question: "He made you put your mouth on his penis again? L.J. answered, "yes." Defense counsel objected and moved to strike the question as being leading and suggestive. The objection was overruled. This question was asked after L.J. had already testified without objection that "he made me have oral sex again." Morgan now argues that since the issue before the jury was whether he forced L.J. to perform the acts, the ruling allowing the testimony invaded the province of the jury. This contention has no merit. The State was required to prove the element of force in this case. The question, which was, at the worst, merely repetitive of the witness' narration, was relevant on an essential element of the charge, and did not invade the province of the jury.

■ The trial court also admitted into evidence, over objection, State's Exhibit 2,

"a cropped mug shot of Morgan." He argues that this photograph pointed to a prior conviction for an unidentified crime in violation of Indiana case law, citing *Ashton v. Anderson*, (1972) 258 Ind. 51, 279 N.E.2d 210. That case is not on point. It dealt with the question whether a witness on cross-examination should be required to answer a question as to any prior conviction for any criminal offense without regard to the nature of the offense and its tendency to reflect on the credibility of the witness. The Court held that only convictions for crimes involving dishonesty or false statements are admissible for the purpose of impeaching the credibility of a witness. The photograph in the record shows no indication of a prior conviction. From a reading of the transcript we can infer that State's Exhibit 2 was originally sought to be offered with State's Exhibit 2a which seems to have been the lower part of the photograph containing words indicating that Morgan was a prisoner. Defense counsel objected to State's Exhibit 2 on the ground that a proper foundation had not been laid for its admission and objected to State's Exhibit 2a on the same ground and additionally on the ground that it violated the rule in *Ashton v. Anderson, supra.* The prosecutor conceded that 2a would be inadmissible, not under *Ashton,* but on other grounds if Morgan chose not to testify. The court sustained the objection to State's Exhibit 2a but overruled the objection to State's Exhibit 2. There having been no objection to State's Exhibit 2 on the basis now raised in this appeal, the issue is not reviewable, although as we discussed above, the basis for the objection is not apt and the photograph in no way indicates a prior conviction.

■ The trial court sustained a relevancy objection to defense counsel's questions of L.J. on cross-examination about whether she frequently went to bars alone, and whether she often left with men. Morgan asserts that since consent was an issue L.J. should have been required to answer. Indiana Code § 35–1–32.5–1, provides:

"Inadmissible evidence, past sexual activity.—In a prosecution for a sex crime as defined in I.C. 35–42–4 [35–42–4–1—35–42–4–4] evidence of the victim's past sexual conduct may not be admitted, nor may reference be made thereto in the presence of the jury, except as provided in this chapter."

Morgan does not argue that the exceptions provided in the statute apply in this case. The statute is therefore a bar to the inquiry attempted at trial.

The trial court did not err in its evidentiary rulings.

This conviction is affirmed.

GIVAN, C. J. and HUNTER, PRENTICE and PIVARNIK, JJ., concur.