Rudolph MATTHEWS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8609–CR–829.

Supreme Court of Indiana.

Feb. 9, 1988.

Scott L. King, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Murder, for which he received a sentence of forty-five (45) years.

The facts are: Shirley Banks and appellant entered into an arrangement for the sale of drugs. Appellant was to supply Banks with drugs and upon a resale Banks was to retain a percentage of the profit. In March of 1984, appellant delivered cocaine to an individual named "Clarence" upon the assurance from Banks that Clarence would pay for the cocaine. Clarence, however, refused to pay, claiming the cocaine was of poor quality.

Appellant telephoned Banks to determine the status of the payment. Kevin Anderson, who lived with Banks but who had never met appellant, received the call. During the conversation, appellant's tone ranged from calm to angry and he threatened both Anderson and Banks. Appellant then drove to Banks' home but was not permitted to enter. He returned to the residence of Glenda Johnson where he telephoned the Banks' residence for the second time. Anderson again spoke to appellant and unsuccessfully attempted to negotiate a payment plan for the cocaine.

Later, as Banks and Anderson drove along a city street in Gary, a car containing appellant and Johnson pulled beside Banks' car. Appellant ordered Johnson to roll down the passenger side window. He then fired gunshots into the Banks' car, striking Banks in the head. She later died of the gunshot wound. Both Anderson and Johnson gave statements to the police implicating appellant.

Following appellant's arrest, at the request of the prosecuting attorney, the Lake County Police Department conducted a voice identification lineup. Six young black males, including appellant, were placed in a room and were given identification numbers. Anderson was seated in an adjacent room where he could not see any of the participants in the voice identification lineup. Each participant read a prepared statement. Following the reading, Anderson requested that Number 4 read the statement again. Whereupon Anderson identified Number 4, who was the appellant, as the person he had talked with on the telephone.

■ Appellant claims the trial court erred in permitting testimony regarding voice identification. He claims that the voice identification was too suggestive, in that appellant's voice was distinctive from each of the other five speakers because it was softer. He further points out that the other participants had difficulty in reading the prepared text. He claims no effort was made to obtain participants with similar voice characteristics other than the fact they were all black and of approximately the same age.

We do not perceive that any of these factors are sufficient to invalidate the voice identification lineup. Indiana has recognized the validity of voice identifications. *Barnes v. State* (1971), 255 Ind. 674, 266 N.E.2d 617; *Chambers v. State* (1981), Ind., 422 N.E.2d 1198.

■ The same safeguards should be followed in voice identification as are followed in visual identification. In either event, the suspect is being "confronted" by a prospective witness. *See Smith v. State* (1975), 263 Ind. 643, 336 N.E.2d 648.

In the case at bar, the issue to be resolved is whether or not the procedure employed to make the voice identification was unnecessarily suggestive. We see nothing in the record in this case which would violate the criteria set forth in *Parker v. State* (1970), 254 Ind. 593, 261 N.E.2d 562.

The matters of which appellant complains were properly submitted to the jury and it was their prerogative to weigh the evidence and determine the validity of Anderson's identification of appellant's voice. *Cobb v. State* (1980), 274 Ind. 342, 412 N.E.2d 728. The trial court did not err in refusing to suppress the voice identification testimony.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.