James Henry MORRIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S507.

Supreme Court of Indiana.

Dec. 6, 1984.

Bruce S. Cowen, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, a Class B felony, Ind.Code § 35-42-5-1. The case was tried to a jury. Appellant received a twenty year sentence.

Two issues are presented in this appeal: (1) whether the trial court erred in overruling an objection to the in-court identification of appellant, predicated upon an allegedly suggestive photographic display;

and (2) whether appellant was denied a fair trial by the refusal of the trial court to grant his petition for a pre-trial live line-up for the purpose of confirming the victim's identification of appellant.

These are the facts that tend to support the determination of guilt. On February 9, 1982, at about half past two in the afternoon, the proprietor of the Animal House Pet Shop in Ft. Wayne, was working alone. A man entered the shop, looked around, and asked for eight goldfish. He then pulled a knife on her, took her to a back room and tied her up. Subsequently, he opened the cash register, took its contents and left the store. She saw the man hurrying away, entering a car, and driving off. She wrote down its license plate number.

The police were notified and arrived within minutes, whereupon the license number was checked, and it was determined to correspond to a car that matched the description given by the victim. This car was owned by Olla Mae Morris, sister of appellant. At 2:45 P.M. the car was discovered by other police at the home of Ms. Morris. Ms. Morris stated that appellant had just returned her car and had then left. The engine was warm.

The police brought the proprietor to Ms. Morris's home, and she confirmed that the car was the one used in the robbery. In addition, the proprietor identified appellant from a photographic display.

### I.

When the proprietor was testifying at trial, she was asked whether the man whom she had described was in the courtroom. Defense counsel objected on two grounds, namely that a suggestive pre-trial picture lineup had occurred, and because the court had denied a pre-trial live lineup. The objection was overruled and the witness then pointed out appellant Morris.

Due process requires suppression of an in-court identification of the accused by a witness, where an earlier identification under the control of the police was had under circumstances so suggestive as to

give rise to "a very substantial likelihood of irreparable misidentification", *Neil v. Biggers* (1972), 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; and there is no basis for the in-court identification independent of such earlier identification. "Independent basis" does not become a relevant concept until it is established that an unnecessarily suggestive extrajudicial identification procedure occurred. *Norris v. State* (1976), 265 Ind. 508, 356 N.E.2d 204.

Here the victim was handed six photographs of different men. All have some facial hair. All are of about the same age and are dressed in informal street clothes. None are wearing glasses or have grossly dissimilar features or body builds. The photographs were presented to the victim, and she examined them twice. She then selected two which showed persons having a distinct resemblance. She then identified appellant from these two.

■ Appellant argues that the fact that she was taken to his sister's house contains a suggestive inference that there would be a specific suspect in the photographic display. It must be conceded here that the police did not state that a suspect was there. We find nothing in the photograph of appellant which makes it unique in relation to the others. We hold that the level of suggestiveness in this photographic display and the manner in which it was conducted was not such as would lead to mistaken identification. The use at trial of its product did not deny due process.

## II.

■ Appellant's petition for a live line-up before trial was based upon the fact that there had been no such line-up or other personal contact between him and the victim and the fact that pictorial line-up had been suggestive. Appellant's argument is based upon the case of *Evans v. Superior Court of Contra Costa County* (1974), 11 Cal.3d 617, 114 Cal.Rptr. 121, 522 P.2d 681. We find the reasoning of that case persuasive wherein it finds authority for a trial court to grant such a petition. Our recent opinion in *Kusley v. State* (1982), Ind., 432 N.E.2d 1337 recognized that such authority could be exercised to avoid real prejudice. In Indiana, as in California, discovery in criminal cases is a two-way street, and is to be governed and superintended primarily by the trial courts. An order for a pre-trial line-up requested by the defendant would be in the nature of a discovery order, "within the discretionary power of the trial judge to guide and control the trial in the best interests of Justice", *State ex rel Keller v. Criminal Ct. of Marion Cty.* (1974), 262 Ind. 420, 317 N.E.2d 433, in that it could reasonably lead to the discovery of grounds useful for impeachment of the identification witnesses.

■ We find considerations having relevance to the equities of such petitions to be their proximity in time to the alleged offense and the trial, any changed appearance of the accused, the likelihood of misidentification, and the cost of conducting a line-up in all reasonable terms. They should not be granted routinely or in a perfunctory manner.

■ In the present situation the petition came four months after the offense and one week before trial. The pictorial line-up was especially fair and the likelihood of misidentification was not substantial. The circumstantial evidence of identity was considerable. There is not basis for concluding that the failure to require a line-up appreciably diminished the fairness of the trial. The trial court was acting well within its inherent and discretionary power when denying the petition.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.