James J. DEAMUS, Appellant,

v.

STATE of Indiana, Appellee.

No. 683S239.

Supreme Court of Indiana.

July 11, 1985.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of burglary, a class B felony, I.C. § 35–43–2–1, and theft, a class D felony, I.C. § 35–43–4–2. The case was tried before a jury. Appellant received a fifteen year sentence for burglary, and a four year concurrent sentence for theft.

Appellant raises five issues on appeal: (1) whether his convictions and sentences for burglary and theft violated the double jeopardy clauses of the United States and Indiana Constitutions; (2) whether the trial court erred in overruling his objections to in-court identifications of him, predicated upon an allegedly suggestive photographic display; (3) whether the trial court committed fundamental error in not sua sponte instructing the jury on the credibility of eyewitness identification; (4) whether there was sufficient evidence to support his conviction for theft; and (5) whether trial court adequately stated its reasons for aggravating his sentences.

These are the facts from the record that tend to support the determination of guilt. On March 9, 1982, between 10:00 p.m. and 11:00 p.m., Cathy Parrish and Bert Hanneman were inside Parrish's apartment. Next to Parrish's apartment was the residence of Marion White. Parrish and Hanneman heard the sound of glass breaking in the vicinity of White's apartment. Parrish ran upstairs and looked out through a window. Hanneman, meanwhile, turned on the back porch light and opened the door. Parrish and Hanneman observed appellant standing at White's window holding a screen. Appellant realized that Hanneman had discovered him; consequently, he said, "it's allright, I live here." Subsequently, Hanneman called the police. Parrish saw what appeared to be a shadow of someone else in White's apartment, and she also heard appellant say, "damn, baby, I, I told you not to hit that window so hard." Shortly thereafter, the police arrived.

Parrish and Hanneman told Officer Roy West that J.D. Walker had broken into White's apartment. They had seen J.D. Walker at White's apartment on at least two prior occasions. Officer West observed broken glass, but discovered no one in White's apartment. When Ms. White returned home the next morning, she discovered that her television, recorder and her daughter's bank were missing. She told the police that J.D. Walker was actual-

ly appellant, James Deamus. At trial, Ms. White revealed that she did not give anyone permission to enter her home.

On March 11, Parrish and Hanneman separately identified appellant from a photo array.

## I

■ Based upon the prohibitions of the Indiana Constitution, Article 1, § 14, and the Fifth Amendment of the U.S. Constitution against multiple punishments for the same offense, *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, *Thompson v. State* (1973), 259 Ind. 587, 290 N.E.2d 724, *Bevill v. State* (1984), Ind., 472 N.E.2d 1247, appellant contends that his convictions and sentences for burglary and theft cannot stand. Specifically, he contends that theft is a lesser included offense of burglary as charged; therefore, he cannot be convicted and sentenced for both.

Appellant was charged by way of information as follows:

James J. Deamus

... Count I:

Did break and enter the building or structure, and dwelling of Marion D. White, ..., with intent to commit the felony of Theft therein; that is, with intent to knowingly exert unauthorized control over the property of Marion D. White, and to deprive Marion D. White of any part of its value or use ...

... Count II

Did unlawfully and knowingly exert unauthorized control over the property of Marion D. White, to wit: A television, with intent to deprive Marion D. White of any part of the value or use thereof ...

The pertinent offenses are set forth here:

Burglary, I.C. § 35–43–2–1

A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person.

Theft, I.C. § 35–43–4–2

A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use commits theft, a class D felony.

Proper resolution of the question of whether or not appellant may receive separate sentences for the two offenses, consistent with the Double Jeopardy Clause, requires a determination of whether burglary and theft are the "same offense." c.f. *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893.

In *Elmore, supra,* this Court noted:

"To obtain a conviction for burglary, it is not necessary for the State to prove that defendant committed theft or any other felony since burglary is complete[d] upon breaking and entering with mere intent to commit a felony. Similarly, a conviction for theft may obtain without proof of a breaking and entering. Thus the two offenses are not the same and separate sentences may be imposed for each."

*Mitchell v. State* (1979), 272 Ind. 369, 398 N.E.2d 1254. Burglary and theft, as charged here, are not the same offense, nor is theft a lesser included offense of burglary, consequently, it was not a violation of the double jeopardy clause to convict and sentence him for both offenses.

## II

■ Appellant argues that the in-court identifications of him by witnesses Parrish and Hanneman were the result of an impermissibly suggestive photographic display. He moved to suppress evidence of the display. A hearing was held and the motion was denied. He also objected when the witnesses identified him at trial.

Due process requires suppression of an in-court identification of the accused by a witness, where an earlier identification under the control of the police was had under circumstances so suggestive a to give rise to a "a very substantial likelihood of irreparable misidentification", *Neil v. Biggers* (1972), 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; and there is no basis for the in-court identification independent of such earlier identification. "Independent basis" does not become a relevant concept until it is established that an unnecessarily suggestive extrajudicial identification procedure occurred. *Norris v. State* (1976), 265 Ind. 508, 356 N.E.2d 204.

*Morris v. State* (1984), Ind., 471 N.E.2d 288.

The evidence demonstrated that on March 11 Officer Murdoch arrived at Parrish's apartment with seven photographs of black males. He separated Parrish and Hanneman; she went to the kitchen, and he remained in the living room. Officer Murdoch then displayed the array to Parrish in the kitchen. The Officer did not refer to appellant. She examined the photographs and immediately identified appellant by saying "this is him." Hanneman heard the identification from the living room. Subsequently, the array was shown to Hanneman in the kitchen while Parrish sat in the living room. He also examined the photographs and immediately selected appellant's photograph.

These circumstances are not so suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Although Hanneman was aware that Parrish selected one of the photographs, he was not aware of which one she selected, nor did he know that she selected appellant's photograph. Furthermore, the quick confident manner in which Hanneman selected appellant's photograph and the fact that it was the same photograph Parrish selected tends to support an inference of accurate identification rather then misidentification. Furthermore, their sightings of appellant during unrelated prior events substantially diminishes the possibility of misidentification.

■ Appellant also contends that the photographic display was impermissibly suggestive because his photograph was the only one where the person had braided hair. However, the braids in his hair are not markedly distinguishable. Moreover, all the photographs in the display were of men of similar features and body builds. All are about the same age and none are wearing glasses.

We hold that the level of suggestiveness in this photographic display and the manner in which it was conducted was not such as would lead to mistaken identification. The use at trial of its product did not deny due process. cf. *Morris*, supra.

III

■ Appellant argues that the trial court committed fundamental error in not sua sponte instructing the jury on the credibility of eyewitness identification. This Court has declined to impose the duty of giving such an instruction on the trial court. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068. A general instruction on the credibility of witnesses is sufficient and such an instruction was given here.

IV

■ Appellant argues that there is insufficient evidence to support his conviction for theft. This Court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Reed v. State* (1979), 180 Ind.App. 5, 387 N.E.2d 82; see also *Henderson v. State* (1980), 273 Ind. 334, 403 N.E.2d 1088.

The evidence stated above is clearly sufficient to support the conviction for theft.

## V

Appellant argues that his aggravated sentences are not supported by sufficient reasons.

 In order to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of its reasons for imposing the sentence. *Green v. State* (1981), Ind., 424 N.E.2d 1014. This statement must contain the following three elements. (1) It must identify all significant mitigating circumstances and aggravating circumstances; a failure to find either when clearly supported by the record may reasonably give rise to a belief that they were overlooked, hence not properly considered. See *Page v. State* (1981), Ind., 424 N.E.2d 1021. It must include the specific reason why each circumstance is mitigating or aggravating. (3) The mitigating circumstances must be weighed against the aggravating circumstances in order to determine if the aggravating circumstances offset the mitigating circumstances. Some articulation of this balancing process must be made in the record by the trial judge. *Abercrombie v. State* (1981), 275 Ind., 407, 417 N.E.2d 316.

Here the statement of reasons for enhancing appellant's sentences is deficient. The reference to his prior criminal record and need for correctional rehabilitative treatment is not sufficiently individualized. Recitation of statutory aggravating circumstances is not sufficient; the statement must give the reasons why the circumstances are aggravating in the particular case. However, the deficiency in the case at bar is a trivial obstacle to our review. It is immediately clear that appellant had several prior felony convictions, convictions for offenses while on probation, and a conviction for an offense in which bodily injury was inflicted on a victim.

Convictions are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.