**John Westley HOWELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3–1085–A–273.

Court of Appeals of Indiana, Third District.

June 3, 1986.

William Janes, Michigan City, for appellant.

Linley E. Pearson, Indianapolis, for appellee.

STATON, Presiding Judge.

After a jury decided that John Westley Howell (Howell) was guilty of Robbery and Attempted Robbery, both Class B felonies, the trial court sentenced him to consecutive terms in prison. Howell appeals his conviction, and presents us with six (6) issues for review. They are as follows:

(1) Whether his convictions were supported by sufficient evidence;

(2) Whether it was error for the trial court to deny Howell's motion for a pre-trial lineup;

(3) Whether it was error for the trial court to grant the State's motion in limine suppressing evidence of Howell's request for a polygraph examination;

(4) Whether it was error for the trial court to admit into evidence a police

file photograph of Howell along with eight other photographs;

(5) Whether it was error for the trial court to admit into evidence the weapon used during the robberies; and,

(6) Whether it was error for the trial court to impose consecutive sentences without any justification.

Affirmed, but remanded for sentencing.

I.

*Sufficiency of the Evidence*

When this court is presented with a claim of insufficient evidence to sustain a criminal conviction, it is well known that we neither reweigh the evidence nor judge the credibility of the witnesses. We look to the evidence most favorable to the State, together with the reasonable inferences to be drawn therefrom and if there is evidence of probative value to support each element of the crime beyond a reasonable doubt we will not disturb the decision of the trier of fact. *Morrison v. State* (1984), Ind., 462 N.E.2d 72, 74.

The evidence supporting the jury's verdict is that on February 29, 1984, Mr. and Mrs. Lijewski were approached by two men as they were about to enter their car parked in front of a Michigan City restaurant. One of the men announced that this was a holdup, and guns were pointed at the Lijewskis. Howell conceded in his brief that he trained a gun on Mr. Lijewski and instructed him to surrender his wallet. While Howell held a gun on Mr. Lijewski, the other man took Mrs. Lijewski's purse. Both men then fled the scene taking only the purse.

Mr. Lijewski called the police, who later showed him various photographs. Mr. Lijewski was able to identify a picture of Howell as being one of the men who confronted him in the parking lot. At trial, Mr. Lijewski positively identified Howell as one of the men who accosted him and his wife.

Howell argues that since Mrs. Lijewski did not identify him as the robber, and because Mr. Lijewski's testimony was not clear as to which robber was taller than the other or whether one man spoke with a lisp or used slang, the evidence against him was insufficient as a matter of law. To support this contention, Howell refers us to *Early v. State* (1982), Ind., 442 N.E.2d 1071 (Pivarnik, J., and Givan, C.J., dissenting) (a conviction will be reversed where the evidence is without conflict and leads to but one conclusion, and the trial court reached the opposite conclusion). Since *Early* was a case discussing guilty pleas, it adds little persuasive power to Howell's position.

We believe that Howell's argument is merely an invitation for us to reweigh the evidence or judge the credibility of Mr. Lijewski's testimony. Given our announced standard of review for sufficiency of the evidence issues, we must decline Howell's request. *Wiles v. State* (1982), Ind., 437 N.E.2d 35, 38, *reh. den.* (discrepancies in witnesses' testimony go to the weight and credibility of witnesses, not its admissibility).

We have considered only the evidence most favorable to the State and all reasonable inferences therefrom, *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 855, and we conclude that Mr. Lijewski's identification of Howell provided substantial evidence of probative value. With this evidence it was not unreasonable for the jury to find the identification element of the offense beyond a reasonable doubt. Moreover, the testimony and positive identification by Mr. Lijewski was itself sufficient to support a guilty verdict. *Greenlee v. State* (1984), Ind., 463 N.E.2d 1096, 1097 (conviction may be sustained by a single eyewitness).

## II.

### Pre-trial Lineup

Three months before Howell's trial, he made a motion for a pre-trial lineup which was denied by the trial court. His contention is that Mr. Lijewski's identification of him as one of the perpetrators of the crime was equivocal and that the trial court erred when it denied his motion.

It is clear that pre-trial lineups are part of the discovery process in criminal cases over which the trial court has discretionary power. *Morris v. State* (1984), Ind., 471 N.E.2d 288. In *Morris,* our supreme court wrote the following:

> We find considerations having relevance to the equities of such petitions to be their proximity in time to the alleged offense and the trial, any changed appearance of the accused, the likelihood of misidentification, and the cost of conducting a lineup in all reasonable terms. They should not be granted routinely or in a perfunctory manner.

*Id.,* at 290.

With the above considerations in mind, we must review Howell's contention by applying the familiar abuse of discretion standard, *viz.* we will not disturb the trial court's ruling unless it is clearly against the logic, facts, and circumstances before the court. *Fox v. Fox* (1984), Ind.App., 466 N.E.2d 789, 790, *trans. den.* Howell's abuse of discretion argument, in essence, is that Mr. Lijewski's identification was the most damaging evidence against him, and if Mr. Lijewski failed to pick him out of the lineup, then he would have valuable exculpatory evidence. Thus reduced, Howell is assailing the likelihood of the misidentification consideration from *Morris.*

The State responds that the likelihood of misidentification was small since Mr. Lijewski did not hesitate to select Howell's picture from a pictorial array provided by the police. We agree, and we do not determine that under these circumstances the trial court abused its discretion by denying Howell's motion. *Kusley v. State* (1982), Ind., 432 N.E.2d 1337, 1339.

## III.

### Polygraph

Next, Howell complains that his request to take a polygraph examination was erroneously excluded from the evidence. His

theory is that the mere request to take a polygraph exam and the State's refusal to grant it amounts to exculpatory evidence since the State's refusal is tantamount to an admission that its case against Howell is weak.

■ We apply our abuse of discretion standard to rulings by the trial court pertaining to the admissibility of evidence, and for guidance we turn to *Helton v. State* (1980), Ind., 402 N.E.2d 1263. In that case, the defendant argued that the State's refusal to give him a polygraph test, and the State's motion in limine preventing him from presenting evidence of that refusal, did not afford him an adequate opportunity to prove his innocence. Refuting this argument, Justice Prentice writing for the Indiana Supreme Court in *Helton* stated:

> The mere refusal to give [a polygraph] ... does not indicate that the State "stifled" the defendant's efforts to prove his innocence. Absent waiver or stipulation, the results of such examination, or evidence that defendant offered or refused to take one, are not admissible. *Id.,* at 1265 (citations omitted).

We find the teachings of *Helton* persuasive and applicable to the instant issue. Therefore, we do not conclude that the trial court erred by granting the State's motion in limine. *See, Minneman v. State* (1982), Ind., 441 N.E.2d 673, 678, *cert. den.* 461 U.S. 933, 103 S.Ct. 2099, 77 L.Ed.2d 307 (Prentice, J., and Hunter, J., dissenting on other grounds) (no error where a motion in limine was granted to prohibit defendant from stating that he had taken or would take a polygraph exam).

## IV.

### *Photographs*

At trial, Howell objected to the admission of the photographic array shown to Mr. Lijewski by the police. His objection then, and now on appeal, is that the pictorial display was unduly prejudicial and led the jury to believe that Howell possessed a criminal record.

The photographs shown to Mr. Lijewski and the jury were all police file photographs (mug shots) consisting of frontal views of nine males. The 8½ by 11 inch display was constructed by first placing a black opaque strip across the bottom of the photos so that only the faces would show. Next, all the photos and the opaque strips were covered by a transparent sheet of plastic and sandwiched by two sheets of black construction paper. Windows were cut into the frontpiece to reveal the faces. The whole display was then stapled and secured with tape.

■ In *Lane v. State* (1983), Ind., 445 N.E.2d 965, 967, the Indiana Supreme Court reiterated that mug shots were generally inadmissible when the pictures tend to prove or imply that a defendant has a criminal record. In order to be properly admitted into evidence, the state must show that the photograph is not unduly prejudicial and that it has substantial evidentiary value independent of other evidence. *Id.* at 967.

■ Howell's contention focuses on the first test—whether the photos were unduly prejudicial. We are referred to two other cases where such pictures were erroneously admitted, *Smith v. State* (1983), Ind., 445 N.E.2d 85 and *Strong v. State* (1982), Ind., 435 N.E.2d 969, *reh. den.* In these cases the State meagerly attempted to conceal prejudicial information on the photographs. In this respect, the present case can be distinguished from *Smith* and *Strong.* In the present case, the display was cautiously constructed with staples and tape to prevent jurors from peering beneath the covering to discover prejudicial information. Thus, we have not been shown that it was error for the photos to be admitted into evidence.

## V.

### *Weapon*

After the police arrived at the robbery scene, a small, stainless steel .25 caliber automatic pistol was found. The Lijewskis were shown the gun and identified it as one

of the guns held by the robbers. This identification was repeated at trial.

Howell argues that the gun was erroneously admitted into evidence because a proper foundation was not established. His complaint is that a detective at trial only testified that it was the same gun recovered from the scene of the robbery and did not connect it to Howell.

 In order to establish an adequate foundation for the admission of an item of physical evidence, a witness must state that the item shown is "like" the one associated with the crime, and there must be a showing that the item is connected to the defendant and the commission of the crime. *Bennett v. State* (1984), Ind., 470 N.E.2d 1344. In the instant case, both prerequisites were satisfied.

Howell's argument fails because its scope was too narrow. By basing his objection only on the testimony of the detective, Howell ignored the testimony of Mr. Lijewski given before the gun was offered into evidence. It was Mr. Lijewski's testimony that laid the necessary foundation. He testified that this was the gun pointed at him during the robbery.

### VI.

*Consecutive Sentences*

Finally, Howell claims that his conviction and sentences should be reversed because the trial court failed to set out its reasons for imposing consecutive sentences. The State concedes the omission but argues that the proper remedy is not reversal. We agree with the State.

It is quite clear that the proper remedy when the trial court orders consecutive sentences without providing a sufficient statement of reasons is a remand not reversal. *Lindsey v. State* (1985), Ind., 485 N.E.2d 102, 108. We therefore remand this cause to the trial court either to enter any findings which support the consecutive sentences, or, alternatively, resentence Howell to concurrent terms.

The convictions are affirmed and this case is remanded for correction of sentence consistent with this opinion.

HOFFMAN and GARRARD, JJ., concur.