Roger L. **MOFFATT**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 36S00–8812–CR–970.

Supreme Court of Indiana.

Aug. 29, 1989.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class A felony, for which he received a sentence of twenty (20) years, and Theft, a Class D felony, for which he received a sentence of two (2) years, the sentences to be served concurrently.

The facts are: On July 23, 1986, fourteen-year-old Cathy Barker was alone in her home in Seymour when she heard a noise coming from another room. Upon investigating, she found appellant, whom she knew because he had lived across the street for over ten years, standing in the living room. When he saw Cathy, he dropped a white bag he was carrying, grabbed her shirt, and told her "not to tell or else." He then hit her in the mouth with his fist, which caused her to fall to the floor and hit her head.

When Cathy first told her mother Carol and the police about the incident, she said she did not know who the perpetrator was because she stayed home by herself frequently, and she feared for her safety if she identified appellant. However, after she was assured by police that she would be safe, she told them that appellant was the person who hit her.

Before the police arrived, appellant called Carol Barker and admitted taking her property and told her that he would return the stolen goods if she would promise not to put him in jail. Appellant's sister testified that appellant handed her a bag and told her to take it back over to Carol, which she did. The bag contained money and jewelry which had been taken from the Barker home. When Carol received the bag of goods, appellant, who was on his front porch, stated that he did not hit Cathy on purpose, and he did not know what had gotten into him.

Appellant testified that Cathy invited him into her home and asked him if he could get some marijuana. He stated that Cathy offered to set up a scheme in which they would ransack her home, steal valuables, call the police, and act as though they had been burglarized so that they would have money for marijuana and the county fair. Appellant took the bag of goods to his home, and when he saw the police at the Barker residence, he hid in a closet. Police found him in the closet and told him that they were investigating a burglary, and appellant responded, "Well I didn't do it and you tell Cathy Barker to get over here."

Appellant asserts his convictions must be reversed because the prosecutor improperly asked him questions about the consequences of the jury believing him and disbelieving Cathy. Appellant responded that he had no idea what would happen to him if they disbelieved Cathy and believed him. He contends that the questions amounted to prosecutorial misconduct, were demeaning to his credibility, and were irrelevant.

■ The record shows that appellant made no objection to the prosecutor's questioning during his cross-examination; therefore, the issue has been waived. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119.

■ Additionally, though the question of whether appellant knew what would happen to him if the jury believed a certain witness was irrelevant, considering the evidence establishing the State's case, it did not place him in a position of grave peril. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843. We find no reversible error.

Appellant also argues prosecutorial misconduct occurred when the prosecutor asked him about a prior conviction. During cross-examination, the following testimony occurred:

"Q: Now you have admitted to the theft of July the end of '86, is that correct?

A: Yes.

      *     *     *     *     *     *

Q: Now, if you are convicted of theft ... well let me ask you this. If you are convicted of the burglary of ... as charged, burglary causing bodily injury to another person. Will you receive, possibly receive a heavier sentence than if you were convicted of theft?

A: Yes, I probably would.

Q: Okay. So it is pretty important that the jury believe you isn't it?

A: Well, that is totally up to them. I told them what happened.

Q: It is important to you that they believe you?

A: Yes."

Appellant believes the prosecutor's reference before the jury to his possible sentences was improper because it was not a matter for their consideration. He asserts the prosecutor interjected an evidentiary harpoon concerning his prior conviction. An evidentiary harpoon is the placing of inadmissible evidence before the jury with the deliberate purpose of prejudicing the jury against the defendant. *Pinkston v. State* (1982), Ind., 436 N.E.2d 306.

Again, no objection was made to the questioning, so the alleged error has been waived. *Burris v. State* (1984), Ind., 465 N.E.2d 171, *cert. denied,* 469 U.S. 1132, 105 S.Ct. 816, 83 L.E.2d 809.

Also, the record indicates that during direct examination appellant explained that he hid in the closet because he was scared due to the fact that he previously had been convicted of theft and he did not want to go to jail. Defense counsel stated that he remembered representing him on his prior conviction and appellant stated that he spent eighteen (18) days in the Jackson County Jail and it was "not very fun." By volunteering information about his prior conviction, appellant had opened the door to further questioning concerning that subject. *Vacendak v. State* (1982), Ind., 431 N.E.2d 100. We find no error in the prosecutor's cross-examination of that topic.

Appellant contends the trial court improperly communicated with the jury during their deliberations and his convictions must be reversed. The following note was sent by the jury to the trial judge:

Judge,

1. Please give us the definition of 'unreasonable doubt'?

2. What is definition criminal tresspass (sic)?

3. Do we pick only 1 verdict on Count 1 (example: sign a not guilty on burglary and a guilty of criminal trespass or a guilty of criminal trespass only?)
    s/M. Sorenson
    foreman

4. May we see states exhibits again? No.

In response, the trial court reconvened the jury in open court and reread the final instructions to them. The jury was not allowed to see any exhibits again. Appellant argues the trial court erroneously reread the instructions without holding a hearing on the matter with all parties present. He also argues that the failure to supply the jury with the requested exhibits constitutes reversible error.

The only record of the communication between the jury and judge is a court docket entry which states that during deliberations the jury requested that the final instructions be reread to them, the jury was returned to open court and the court reread the final instructions. Next it states that the jury returned to open court and returned the verdict. In appellant's brief, he surmises that the instructions were reread without the parties or their counsel present and his trial counsel was unaware of the communication. However, the docket entry does not state whether the parties were present when the instructions were reread to the jury or when the jury announced its verdict.

Appellant is correct that when jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the parties should be informed of his proposed response to the jury. An inference of prejudice arises from an *ex parte* communication and this inference creates a rebuttable presumption that error has been committed. However, the State may avoid reversal due to improper *ex parte* communication if we are satisfied that no harm or prejudice resulted therefrom. Additionally, when the trial judge merely responds to a jury question by denying their request, any inference of prejudice is rebutted and any error is deemed harmless. *Marsillett v. State*

(1986), Ind., 495 N.E.2d 699; *Alexander v. State* (1983), Ind., 449 N.E.2d 1068; *Cornett v. State* (1982), Ind., 436 N.E.2d 765.

 We find that no reversible error occurred in appellant's case even if an *ex parte* communication in fact occurred between the jury and trial court. The trial court simply reread the instructions without further comment. The denial of the jury's request to review the exhibits does not result in prejudicial error. *Marsillett, supra.*

Appellant contends the evidence is insufficient to sustain his convictions. He states that because Cathy did not identify him at first as the perpetrator, her testimony is inherently unbelievable and in contradiction with his testimony that he was invited into their home.

On a claim involving the sufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670. A conviction may be sustained by the uncorroborated testimony of a single witness. *Dew v. State* (1983), Ind., 451 N.E.2d 298.

 The evidence supporting appellant's conviction establishes that he entered the home of his neighbor who had known him for ten years, took valuables, hit the victim in the face and threatened her, called the victims to ask that they not prosecute if he returned the goods, and then he fled and hid from police. We find sufficient evidence exists to support his convictions.

Appellant alleges that he was improperly sentenced. He asserts that the burglary and theft occurred concurrently; thus the crimes should be merged.

 To determine whether appellant was subjected to double jeopardy upon receiving sentences on both his burglary and theft convictions, we must consider whether burglary and theft merge. Burglary consists of the breaking and entering of a building or structure with the intent to commit a felony; theft is the unauthorized control over property of another person with the intent to deprive the other person of its value. Ind.Code §§ 35–43–2–1 and 35–43–4–2. Thus, to obtain a conviction for burglary, it is not necessary for the State to prove the defendant committed theft or any other felony because the burglary is completed upon breaking and entering with intent to commit a felony. A conviction for theft may occur without the proof of a breaking and entering. Therefore, the two offenses do not merge and separate sentences may be imposed for each. *Deamus v. State* (1985), Ind., 479 N.E.2d 1319.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.