Darryl DAVIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00-8806-CR-579.

Supreme Court of Indiana.

Aug. 17, 1990.

Daniel L. Bella, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Auto Theft, a Class D felony, for which he received a sentence of two (2) years, and Attempted Murder, a Class A felony, for which he received a sentence of thirty (30) years, the sentences to run consecutively.

The facts are: While on patrol duty in Highland, Indiana, Police Officer George Darnell observed a blue 1985 Pontiac Trans Am travelling between sixty and seventy miles per hour in a forty-five mile per hour speed zone. When Officer Darnell attempted to apprehend the driver of the vehicle, the driver increased his speed and drove erratically through heavy traffic, at times on the wrong side of the street, in an attempt to elude the police officer. The chase ended when the driver of the fleeing vehicle found himself blocked by traffic, spun the car 180 degrees, and collided with a car waiting for a traffic signal.

Immediately after the collision the driver exited the vehicle. Officer Darnell's car struck the driver's side door of the pursued vehicle causing it to close. The driver then placed his hands on the hood of Officer Darnell's car, vaulted over it, and started running. Officer Darnell exited his car and started pursuing the driver later identified as appellant. Appellant turned and fired a shot at Officer Darnell striking the Pontiac. Officer Darnell continued the chase during which appellant fired a second shot. However, Officer Darnell was not

struck by either shot. Appellant escaped at that time.

State Police, in conjunction with local police officers, were operating a sting operation in the area involving stolen automobiles. They had communicated with appellant in regard to the operation shortly after he had escaped from the chase described above. Appellant called the operatives and told them that he would be unable to deliver a 1985 Pontiac because he had been involved in a police chase in which shots had been fired.

The next day appellant arrived at the sting operation driving a Chevrolet Camaro which he sold to the sting-operation officers for $900. He reiterated his experience of the day before involving the police pursuit while he was driving a 1985 Pontiac.

Appellant claims the evidence is insufficient on the element of intent to kill to sustain the jury's verdict of guilty of attempted murder. The State has the burden to show that appellant was acting with specific intent to commit the crime of murder and that he engaged in an overt act which constituted a substantial step toward the commission of the crime. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507. The requisite intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Id.*

In the case at bar, there can be no doubt that appellant knew he was being pursued by a police officer. When he started to flee and the officer ordered him to stop, he fired a shot which struck an automobile directly behind the police officer. As the officer continued the pursuit, he fired a second shot. It strains credibility to consider seriously appellant's argument that there is no proof he intended to strike the officer when he fired the shots. He offers the fact that the shots did not strike the officer to demonstrate that he had no intent to kill him.

Under the circumstances, the fortuitous fact that Officer Darnell was not struck obviously did not convince the jury that there was no intent nor does it convince us. There is ample evidence in this record to support the jury's finding of intent to kill

and their verdict that appellant was guilty of attempted murder. *See Hutchinson v. State* (1985), Ind., 477 N.E.2d 850; *Conley v. State* (1983), Ind., 445 N.E.2d 103.

Appellant claims the trial court erred in allowing the State to introduce evidence of other criminal conduct. The State placed in evidence videotapes of appellant in the sting-operation warehouse and the testimony of Officer Snipes, who testified that he was the "money man" in the sting operation and had talked to appellant on two occasions concerning stolen vehicles. Officer Snipes' testimony concerned the Chevrolet, which was purchased by the sting operation for $900 from appellant the day after the incident for which appellant stands convicted.

Under ordinary circumstances, evidence of extrinsic offenses is not admissible into evidence. *Gibbs v. State* (1989), Ind., 538 N.E.2d 937. However, evidence of other crimes may be presented where it tends to show a common scheme or plan, *id.*, or where it tends to prove intent, motive, purpose, or identity. *Id.* Both exceptions apply in the case at bar. By appellant's own statements to the officers at the sting operation, it was his intent to deliver to the sting operation the 1985 Pontiac he was driving at the time of the chase. His appearance at the operation the next day with a Chevrolet which he sold to the operation and his statements to the officers concerning the chase the day before clearly demonstrates appellant's common scheme and plan to steal automobiles and sell them to the operation. His involvement with the sting operation serves to identify him as the person involved in the chase and to demonstrate his motive and purpose in eluding capture at the termination of the chase. The trial court did not err in admitting evidence of appellant's activities with the sting operation.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.