**Ronald Dale EVANS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 73A02–9304–CR–180.**

Court of Appeals of Indiana,
Second District.

Jan. 26, 1994.

Jerry J. Lux, Lux & Barrett, P.A., Shelby-ville, for appellant-defendant.

Pamela Carter, Atty. Gen., Lisa M. Paunic-ka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Ronald Dale Evans appeals his convictions of possession of cocaine with the intent to

deliver,[1] a class A felony, and maintaining a common nuisance,[2] a class D felony. We reverse.

## ISSUES

Evans raises six issues for our review, two of which are dispositive:

1. Did the trial court err in denying Evans's motion for mistrial based on an alleged "evidentiary harpoon" solicited by the State?

2. Is Evans's conviction of maintaining a common nuisance supported by sufficient evidence?

## FACTS

The evidence most favorable to the convictions is as follows. On July 10, 1992, Robert Decker called his acquaintance, Ronald Dale Evans, and asked Evans if he could buy some cocaine from him. Evans, who lived in Shelbyville, told Decker he had to drive to Indianapolis to pick up the cocaine; Decker offered to go with him. The two drove to Indianapolis, making two stops along the way so Evans could make phone calls. Shelbyville police officers, who had received an anonymous tip that Evans was selling cocaine, were conducting surveillance of Evans throughout this time.

Once in Indianapolis, Evans obtained some cocaine and sold an amount of it to Decker. While driving back to Shelbyville, Evans and Decker were stopped by police and searched. Two plastic baggies containing cocaine were found on Decker; no cocaine was found on Evans. Both were arrested, and Evans's car was impounded and searched. Another plastic baggie containing cocaine was found on the floor of the front seat on the passenger side of the car.

Evans was charged with possession of cocaine with the intent to deliver and maintaining a common nuisance. After a jury trial, he was convicted of both charges.

## DISCUSSION

### I.

Evans argues the trial court erred in denying his motion for mistrial following the testimony of a State's witness that a baggie with a white residue was found in Evans's shirt pocket when he was booked into jail. Evans argues this testimony was an evidentiary harpoon which could not be cured by the trial court's ensuing admonition to the jury. We agree.

Evans's motion was based on the testimony of Larry Coleman, a jail officer at the Shelby County jail. Coleman, as a witness for the State, was examined on the procedures by which Evans and Decker were booked into jail. Coleman testified that upon strip searching Evans he found "in the right front pocket . . . a baggie with white powder residue." Record at 528. Evans objected and requested a mistrial, claiming that the jury would infer that the white residue was cocaine and there was no evidence that it was. The prosecutor admitted that a test was not performed to identify the residue and, furthermore, that the State did not have the baggie in its possession or know its whereabouts. The prosecutor also stated that the next question he planned to ask Coleman was whether the baggie found on Evans "appear[ed] to be like anything else that's been offered into evidence," id. at 532, that is, the baggies of cocaine which were found on Decker and in the car. He then argued that this evidence was admissible because it

"[had] some connection with the testimony of Decker whether Evans had on him in the first place any drugs. He happens to have on him, Evans does, a bag similar to these other bags. Now why do people carry around bags like this? . . . And let [the jury] do what it is they want with it."

Id. at 534. The trial court sustained Evans's objection, but refused to grant him a mistrial; instead, it instructed the jury to disregard Coleman's answer.

"An evidentiary harpoon is the placing of inadmissible evidence before the jury with the deliberate purpose of prejudicing the jury against the defendant." Moffatt v. State (1989), Ind., 542 N.E.2d 971, 974. "[W]hen it

1. See IC 35–48–4–1(a)(2)(C) (1992 Supp.).

2. See IC 35–48–4–13(b) (1992 Supp.).

is apparent that the 'sole purpose of calling the witness was to wield the *evidential harpoon,* deliberately calculated by counsel to prejudice the jury against the defendant and his defense,' an admonishment cannot cure the error and a mistrial should be declared." *Pillow v. State* (1985), Ind., 479 N.E.2d 1301, 1306 (quoting *White v. State* (1971), 257 Ind. 64, 76, 272 N.E.2d 312, 319) (emphasis in original).

In this case, the prosecutor intentionally elicited Coleman's testimony regarding the baggie found on Evans with the intent that the jury would infer that the baggie contained cocaine. There was, in fact, no other reason to call Coleman as a witness, as the booking procedures had no relevance to whether Evans committed the offenses with which he was charged. This evidence was inadmissible and highly prejudicial to Evans for the very reason that the prosecutor sought to admit it—the jury would naturally infer that the baggie contained cocaine, and this inference would provide the only real corroboration of Decker's claim that Evans personally possessed cocaine. Thus, Evans's characterization of this evidence as an evidentiary harpoon is an appropriate one. Evans is also correct that, in the face of such action by the prosecutor, the only proper course of action for the trial court was to grant Evans's motion for mistrial, which the court failed to do. Therefore, we must reverse Evans's convictions.

## II.

We must also address Evans's argument that his conviction of maintaining a common nuisance is not supported by sufficient evidence.

■ In order to convict Evans of maintaining a common nuisance, the State had to prove that he knowingly or intentionally maintained his automobile for the purpose of keeping or selling drugs. *See* IC 35-48-4-13(b) (1992 Supp.). "Evidence of an isolated or casual occurrence of the prohibited activity is insufficient to sustain a conviction. Rather, the State must demonstrate continuous or recurrent violations." *Plowman v. State* (1992), Ind.App., 604 N.E.2d 1219, 1222, *trans. denied* (citations omitted).

■ The record is devoid of any evidence that Evans used his automobile to sell or keep drugs on any occasion other than the particular trip in question. The State argues, without authority, that Evans's conviction may be sustained based on evidence that he used his automobile to drive to Indianapolis to purchase cocaine, that he sold the cocaine to Decker while in the automobile, that Decker used some of the cocaine in the automobile, and that cocaine was found on the floor of the automobile. This argument is untenable; by the State's logic, any drug sale that occurred within a building, structure, or automobile would constitute the offense of maintaining a common nuisance, because the defendant would have had to have committed two offenses—first possessing drugs and then selling them. The record before us contains evidence that Evans used his automobile on only one occasion to consummate the sale of cocaine to Decker; this evidence is not sufficient to sustain his conviction of maintaining a common nuisance.

Evans's conviction of possession of cocaine with the intent to deliver is reversed and remanded for a new trial; his conviction of maintaining a common nuisance is reversed with instructions to the trial court to enter a judgment of acquittal.

FRIEDLANDER, J., concurs.

RUCKER, J., dissents in part, with separate opinion.

RUCKER, Judge, dissenting.

I dissent from that portion of the majority's decision which holds the trial court erred in denying Evans' motion for mistrial based on an alleged evidentiary harpoon solicited by the State. First, I am not convinced an evidentiary harpoon occurred in this case. Second, even if one did occur a mistrial was not warranted because the trial court cured any error by promptly admonishing the jury.

As the majority correctly notes "[a]n evidentiary harpoon is the placing of inadmissible evidence before the jury with the deliberate purpose of prejudicing the jury against the defendant." Opinion at 833 citing *Moffatt v. State* (1989), Ind., 542 N.E.2d 971, 974.

The operative words here are "inadmissible evidence." Evans does not explain how or why Officer Coleman's testimony was inadmissible. Rather, in support of his position Evans cites *White v. State* (1971) 257 Ind. 64, 272 N.E.2d 312, wherein our supreme court reversed the defendant's theft conviction because of an evidentiary harpoon. In that case a police officer testified that he first encountered the defendant when he was brought to the police station regarding an unrelated armed robbery charge. The trial court sustained the defendant's motion to strike the officer's testimony's but denied the motion for mistrial. The trial court admonished the jury to disregard the officer's remarks. Discussing facts from cases in various jurisdictions in which a State's witness improperly testified concerning offenses for which the defendant was not on trial, our supreme court concluded that such testimony amounts to an evidentiary harpoon "deliberately calculated by counsel to prejudice the jury against the defendant and his defense." *Id.* at 319. Thus, the inadmissibility of the evidence was clearly established because generally evidence of extrinsic offenses is inadmissible, *see e.g., Davis v. State* (1990) Ind., 558 N.E.2d 811, and there was no recognized or credible exception justifying its admissibility. The same is not true in the case before us.

Here, the officer's testimony that upon strip searching Evans he found "in the right front pocket . . . a baggie with white powder residue" is not clearly inadmissible. Evidence of other criminal activity closely related to the charged offense is admissible as part of the res gestae even though it tends to show guilt of an uncharged offense. *Tacy v. State* (1983), Ind., 452 N.E.2d 977; *Hudak v. State* (1983), Ind.App., 446 N.E.2d 615. Evans was charged with possession of cocaine with intent to deliver based upon a plastic baggie filled with cocaine found in his car. While strip searching Evans at the jail, the booking officer found a similar plastic baggie in Evans' possession. Even assuming this second plastic baggie could have formed the bases for a separate charge of simple possession, testimony concerning it was nonetheless admissible as part of the res gestae. In sum, Evans simply has not shown the officer's

testimony was inadmissible and thus has not established the underlying predicate for an evidentiary harpoon.

The majority appears to take the position the officer's testimony was inadmissible because, "[t]he prosecutor admitted that a test was not performed to identify the residue and, furthermore, that the State did not have the baggie in its possession or know its whereabouts." Op. at 833. In my view, however, both reasons affect the weight of the testimony and not its admissibility. Evans does not argue the State violated a discovery order with respect to the plastic baggie or its contents; nor is there any indication the evidence was the subject of a successful motion to suppress evidence. *See Pillow v. State* (1985), Ind., 479 N.E.2d 1301, cited by the majority at p. 834 (State consistently displayed to the jury certain evidence which had been excluded by a pre-trial motion to suppress).

At most, the officer's testimony in this case, although relevant and admissible, was excludable because its prejudicial impact may have outweighed its probative value. The trial court has broad discretion to exclude otherwise admissible evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading of the jury. *Downs v. State* (1985), Ind., 482 N.E.2d 716. After hearing arguments of counsel outside the presence of the jury the trial court granted Evans' motion to strike but denied the motion for mistrial. Rather, the trial court admonished the jury as follows:

> Ladies and gentlemen of the jury, I will . . . advise you that the, a motion to strike has been granted with respect to the . . . last answer . . . given by the witness here with respect to the item that was found . . . on Mr. Evans in the search, and . . . booking procedure, so I'll admonish you to disregard that last answer.

*Record* at 535. Further, in its final instructions the trial court admonished the jury:

> You must not consider an exhibit or testimony which the court ordered stricken

from the record. In fact, such matter is to be treated as though you never heard of it.

*Record* at 108.

The ruling on a motion for mistrial is a matter committed to the sound discretion of the trial court and we will reverse only upon abuse of that discretion. *Jackson v. State* (1988), Ind., 518 N.E.2d 787. We accord this deferential standard of review because the trial court is in the best position to gauge surrounding circumstances of the event and its impact on the jury. *Tapia v. State* (1991), Ind., 569 N.E.2d 655. To prevail on appeal from the denial of a motion for mistrial, the defendant must demonstrate that the conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Strain v. State* (1990), Ind. App., 560 N.E.2d 1272, *trans. denied.* To determine the gravity of the peril, an appellate court considers the probable persuasive effect of the misconduct on the jury's decision, not the degree of impropriety of the conduct. *Id.* A mistrial is appropriate only where no other remedy can rectify the error. *Kelley v. State* (1990), Ind., 555 N.E.2d 140.

Appropriately, Evans does not argue the evidence in this case was insufficient to sustain his conviction for possession of cocaine with intent to deliver. Indeed, evidence of Evans' guilt on this issue was substantial. I am not persuaded Officer Coleman's comments concerning the baggie effected the outcome of the trial and thus Evans has not shown that he was placed in a position of grave peril. The officer's comment, if error, was adequately remedied by the trial court's admonishment. Evans' conviction for possession of cocaine with intent to deliver should be affirmed. Therefore I dissent on this issue. I fully concur with the majority that the evidence is insufficient to sustain Evans' conviction of maintaining a common nuisance.